GREELEY TOWNSHIP v. THE BOARD OF COMMISSIONERS
OF SALINE COUNTY.

PUBLIC BRIDGE, *When not to be Removed.* Smoky Hill township issued
bonds in excess of $1,000, under the provisions of § 3, ch. 33, Laws of
1870, to build a bridge at a designated point across the Saline river, in
Saline county. The county appropriated $1,000 to aid in the construc-
tion of the bridge, and the bridge was built conjointly with the funds of
the township and county. Thereafter, a portion of the territory of Smoky
Hill township, including the point where the bridge was located, was
detached therefrom and organized into a separate township, called
Greeley. Upon a petition of a large number of the residents of the
county of Saline, the board of county commissioners of that county
attempted to change the location of the bridge to a point upon the river
outside of Greeley township, and a mile from where the bridge was built.
*Held,* That the board of county commissioners has not the right to re-
move the bridge at pleasure; and further, *held,* that Greeley township
has such an interest in the bridge as to maintain an action in the courts
against its unauthorized removal.

*Error from Saline District Court.*

AT the May Term, 1881, the district court affirmed an order
made by the *Board of Commissioners* of Saline county for
the removal and relocation of a certain bridge, situate in
*Greeley Township,* in that county. To reverse this order, the
*Township* brings the case here. The facts appear in the
opinion.

*C. A. Hiller,* for plaintiff in error:

1. A public bridge is a highway, and the powers of the
commissioners are limited by the road laws. (12 East, 192;
7 id. 588; Dass. Stat., p. 919, ¶ 5; Gen. Stat. 1868, p. 999,
¶ 5; Comp. L. 1862, p. 838; 22 Kas. 438, 460.)

This bridge, being in a highway, is presumed to be a pub-
lic bridge. (12 East, 192.)

The principal petitioner, although he gave no bond, is
entitled to be made a party defendant. (24 Kas. 511.)

The petitioners style themselves residents of the county,
and not of any particular township. In Bac. Abr., title,
"Bridges," p. 124, we find: "Nor can the inhabitants of the

whole county, by their own authority, change a *bridge* or highway from one place to another,"—citing 2 Inst. 701; Carth. 193; 6 Mod. 307.

Even if the county owned the bridge, it can be removed only by vacating that portion of the road. The county board cannot claim this power under its right to repair the bridge. (24 Ohio St. 293.) The right of townships to build bridges is recognized by law. (Dass. Stat., pp. 117, 985.)

2. The fee of a highway, unlike that of a street, is in the original owner. (10 Kas. 603.) Subject to the easement of the public, then the materials belong to the original owner, whether the adjoining land-holder or the parties who contributed to its erection, as soon as they are severed from the highway. (6 East, 154; 4 Watts, 341; 6 Serg. & R. 229; Woolrych on Waters, 198.)

*John G. Spivey,* and *H. S. Cunningham,* for defendant in error:

1. By reference to ch. 16, Comp. Laws of 1879, it will be seen that there are township bridges and county bridges, and that townships have control over the former, and counties of the latter. This being a county bridge, it is under the control of the board of commissioners. It was located by the board, which now seeks to remove it to a place over the same stream where it will accommodate public travel, as it has ceased to do in its present location. The board took every means possible to inform itself of the necessity for moving the bridge, and thus making the money before paid by the county available for the public interest and welfare; and as it was originally located to accommodate the public, without reference to township matters and lines, it does seem that Greeley township has no right now to prosecute this matter. Greeley township now forms only a small portion of the original township which voted aid for bridges; and if it can interfere in this matter, so can the city of Salina and another township, both of which were in one township when the bridge was built.

2. The county board having the right to locate all county

bridges, it clearly seems that it has the right to relocate them if the public interest requires it. The responsibility of providing bridges (which cost over $200) for the public travel and convenience, rests upon the county board, and if it cannot remove a county bridge from a place where it does not accommodate public travel to a place where it will, without the consent of the township in which it happens to be placed, then the power given it in § 16, ch. 35, Comp. Laws 1879, is surely incomplete for the management of county affairs.

3. It is admitted that a bridge is in some respects a part of the highway, and is to be treated as such; but it does not require a petition of twelve householders, nor a bond on the part of the principal petitioner, nor the action and report of viewers, to locate a bridge. The county board alone determines the location, looking of course to the interest of the traveling public. If the board can locate a bridge without the above-mentioned proceedings, can it not as well relocate it?—and especially so when the object is to subserve the interest of the traveling public, and the removal of the bridge does not vacate any part of the highway.

The opinion of the court was delivered by

HORTON, C. J.: On November 20, 1871, the board of county commissioners of Saline county laid out and established a public highway in Smoky Hill township, in that county; and at the point where the highway intersects the Saline river, near the township line between townships 13 and 14, south, of range No. 2, west, a bridge was built at an expense exceeding $2,000, to enable the public travel to cross the river. On November 16, 1878, the county commissioners of Saline county detached a portion of the territory from Smoky Hill township and constituted a separate township, called Greeley. On the 4th day of April, 1881, there was presented to the commissioners a petition signed by over two hundred and fifty residents of the county of Saline, representing that the bridge heretofore mentioned was not upon the line of travel, and did not accommodate a majority of the per-

sons in the neighborhood, or the traveling public generally, and asking that they might be allowed to remove and relocate the bridge, at their own expense, to a point about a mile from its present location, and where the public road crosses the Saline river south of the railroad bridge. On April 15th the township trustee and township clerk of Greeley township presented to the commissioners a remonstrance against any removal of the bridge, alleging that for the purpose of aiding in the construction of the bridge Smoky Hill township gave $200 in cash and voted bonds to an amount exceeding the $1,000 appropriated by the county for the bridge; and that the county and township conjointly constructed such bridge; that more persons would be inconvenienced by the removal of the bridge than were inconvenienced by having the bridge remain where it is. On April 18, 1881, the commissioners, after a hearing, decided that the bridge as located did not accommodate the traveling public; that the removal and location of the bridge would be a public utility, and of convenience to the traveling public; and that the prayer of the petitioners was reasonable, and ought to be granted. They therefore ordered that when the petitioners should furnish good and sufficient security for the payment of the expense incidental to a removal and relocation of the bridge, that the necessary steps would be taken to remove the bridge out of Greeley township, and relocate the same where the county road south of the railroad track intersects the Saline river. Afterward, proceedings were commenced by petitioners in error to the district court of Saline county, to reverse this order of the commissioners; and such order having been affirmed by that court, the case is brought here for our decision.

Two questions are presented: *First*, Has Greeley township the right to maintain this action? *Second*, Has the board of commissioners of Saline county the sole and exclusive jurisdiction over the removal of the bridge in controversy? The bridge is located in Greeley township, and Greeley township embraces a portion of the territory that constituted Smoky Hill township at the time the bridge was constructed. Smoky

Hill township voted aid for the bridge, and constructed it jointly with the county, and therefore the bridge is not exclusively a county bridge. We may assume that the bonds voted by the township to assist in building the bridge were legally issued, and before such issuance the question of building this particular bridge must have been submitted to a vote of the people, at a time and place fixed by the township officers. (Laws 1870, ch. 33, § 3.) After the bridge was thus constructed, we do not think either the township officers or the county officers could remove the bridge at pleasure. If so, a township might issue its bonds upon a vote of its people, and in conjunction with the county erect a bridge at a point designated in the vote, and the next day, without the consent of the people whose vote favoring the construction of a bridge at a particular place had been obtained, and in defiance of the wishes of the voters, the board of county commissioners could remove such bridge out of the township, or to any other part of the county, at its will. Clearly, no construction so unfair to the voters of the township ought to be given to the statute, and we do not think such a construction allowable. If Smoky Hill township continued with its territory unimpaired, as it existed at the construction of the bridge, it would have such an interest in the bridge as to permit it to interfere against its removal. Now Greeley township forms a part of the original territory which voted aid for the bridge, and within the territory of this township the bridge is located. We therefore think that it has sufficient interest in the bridge to maintain this proceeding. The judgment of the district court must therefore be reversed.

All the Justices concurring.