THE STATE OF KANSAS, ex rel. ED J. FLEMING, as County Attorney, etc., *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COWLEY, *Appellee*.

No. 17,785.

SYLLABUS BY THE COURT.

1. BRIDGES—*Repairs—Power of County Commissioners.* Section 651 of the General Statutes of 1909 does not require that a bridge for the construction of which a county has appropriated money shall be forever thereafter repaired or rebuilt and maintained at the place where it was erected.

2. ——— *Same.* When a bridge for the construction of which the county appropriated money has been practically destroyed, the board of county commissioners, after full investigation as to the wants and convenience of citizens to be served, may, in the exercise of their discretion, for the public benefit, build a bridge on another site and not rebuild the destroyed bridge.

Appeal from Cowley district court. Opinion filed July 6, 1912. Affirmed.

The State, *ex rel.*, v. Cowley County.

*John S. Dawson,* attorney-general, *W. P. Hackney,* and *J. T. Lafferty,* both of Winfield, for the appellant.

*A. M. Jackson, A. L. Noble,* and *O. P. Fuller,* all of Winfield, for the appellee.

The opinion of the court was delivered by

SMITH, J.: Many years after the settlement of Cowley county, and until the year 1889, it appears that there was no bridge across the Arkansas river in Beaver township. In 1889 a contract was made with a bridge company to erect a bridge across the river in section 21 of that township for the sum of $4800, of which the township and citizens in the locality contributed $2800, and the board of county commissioners $2000, which was the largest sum the county was then authorized to expend upon a bridge. In January, 1910, the bridge proper was destroyed by a flood. The question soon arose before the board of county commissioners whether the bridge should be rebuilt on its former site, or whether a bridge should be built in the locality. Petitions for the rebuilding of the bridge at the old site and at different locations were presented to the board, and the board made investigation and decided to build a new bridge in section 17 of the same township, the citizens in the locality contributing the building of the approaches thereto.

A petition was also presented to the board to vacate the public road upon which was located the old bridge. This action to enjoin the board from erecting a bridge at the new site was brought in the district court of the county in August, 1910; a temporary injunction was granted, and on the hearing, it appearing that the commissioners had not advertised or otherwise proceeded according to law in contracting for the bridge, the injunction was allowed by reason of the irregularities. Afterwards the commissioners took the necessary legal steps towards building the bridge and let the contract therefor. Thereupon, the appellant

filed an amended and a supplemental petition and obtained another restraining order. The amended petition charged bad faith on the part of the county commissioners. The supplemental petition alleged that a road petition had been filed with the defendant commissioners to vacate the public highway, of which the old bridge formed a part, and which extended some distance to the east and west therefrom; that the county commissioners had inspired the proceeding and had appointed themselves viewers to view the same, and if permitted to proceed would vacate the road for the purpose of defeating the action. A restraining order was asked for and allowed by the district court to prevent the vacation of the road during the pendency of the action.

On the trial in the district court much evidence was taken as to which location of the bridge would be of greater utility and convenience to the public; also upon the question of the good faith of the county commissioners in locating the bridge at the new site, which is about one and one-half or two miles from the old bridge. At the conclusion of the trial, January 25, 1911, the court set aside the temporary orders and refused the injunction prayed for, and rendered judgment against the plaintiff in the action for costs. Thereupon it seems that the contractors proceeded with and completed the construction of the new bridge. An appeal from the judgment was taken to this court by the plaintiff. On the 17th of March, 1911, on the application of the appellant, this court enjoined the board of county commissioners from vacating or otherwise interfering with the portion of the public highway for the vacation of which a petition had been filed, and also enjoined the county treasurer and the board of county commissioners from drawing any order upon the bridge fund or paying out the same as to the sum of $3500, which sum should be retained in the bridge fund with which to rebuild the old bridge, called the Johnson County

Bridge, in the event such order should be finally made.

The questions of fact, as to the good faith of the board of county commissioners, and of the utility of the new bridge, indeed, of the greater convenience to the public of a bridge at the new site than the one at the old site, was determined on sufficient evidence in the district court. These questions are involved in the judgment of the court and were necessarily determined in favor of the defendants in the action. Following the usual rule, we shall not reconsider that evidence, but shall. regard the finding of the court thereon as determinative.

The good faith of the county commissioners in building the new bridge has been determined, upon conflicting evidence, by the judgment of the court, which in effect also approves the legality of the proceedings resulting in the erection of the bridge.

The only remaining question is whether the court erred in refusing to order the commissioners to repair or build anew the old bridge.

As to the mandatory injunction prayed for, to require the board of county commissioners to rebuild the old bridge, the question turns upon the construction of section 651 of the General Statutes of 1909, which reads:

"Whenever it is necessary to repair any public bridge in the county (for which the county has appropriated money for the construction thereof) the county commissioners shall forthwith require the township trustee of the township in which such bridge is erected, to proceed and examine the bridge so needing repairs, and make an accurate estimate of the cost of repairing the same, and in what particular it needs repairing, and without delay make report thereof; and the county commissioners shall thereupon make an appropriation for such repairs, and proceed forthwith to cause said bridge to be repaired in the way they may order and direct."

The question turns largely upon the interpretation to be given the first clause of this section, viz.: "When-

ever it is necessary to repair any public bridge in the county (for which the county has appropriated money for the construction thereof) the county commissioners shall forthwith require," etc.

Who is to determine when it is necessary to repair a bridge?

Section 9633 of the General Statutes of 1909 provides:

"The said board (the board of highway commissioners, consisting of township trustee, clerk and treasurer of each township) shall have charge of the roads and bridges of their respective townships, and it shall be their duty to keep the same in repair, and to improve them so far as practicable."

The burden of maintaining repairs to a bridge seems to shift from the township board to the board of county commissioners, for the repair of bridges for the construction of which the county has appropriated money.

In case a board of county commissioners shall neglect or refuse to repair a bridge, there being sufficient money in the bridge fund of the county treasurer to meet the expense, a court of competent jurisdiction may by mandamus compel the board to make the repairs. (*The State, ex rel., v. Comm'rs of Cloud Co.*, 39 Kan. 700, 18 Pac. 952.)

In that case and in other cases cited it is apparent that there was in fact a bridge existing, but which needed repairs to conserve its utility and safeguard the public in the use thereof.

The board of county commissioners is the general financial and business agent of its county, and is necessarily vested with a large measure of discretion in promoting the public good, and in case it is the duty of the county to maintain a bridge to accommodate the traveling public the question must sometimes arise whether an old bridge is worth repairing, or whether it would not be more advantageous to the public to build a new bridge  And again, if a new bridge is

The State, *ex rel.*, v. Cowley County.

deemed more advantageous the board may have to consider whether or not changing conditions and change in lines of travel or observed difficulties in maintaining a bridge at the old site may not have made it more advantageous to place the new bridge in a location somewhat different from the old one. In such cases, of course, the board consults the wishes of the public to be served, but their determination of the questions involves the exercise of judgment and discretion on the part of the board also. Where such judgment and discretion are exercised in good faith, the courts will be reluctant to interfere.

It is not a reasonable construction of section 651, *supra,* that when a bridge for the construction of which a county has appropriated money is once erected across a stream in the county, the commissioners of the county are forever thereafter in duty bound to maintain it there. Nor is it a reasonable construction of the section, that a board of county commissioners is compelled thereby time and again to repair an old bridge when good judgment would dictate that it be torn down and a new one built. A board of county commissioners has discretion for the purpose of meeting the convenience of the public, whom they serve, to remove a bridge from one place to another, if there be no stronger reason for keeping it in its place than that it was built there.

The case of *Greeley Township v. Comm'rs of Saline Co.,* 26 Kan. 510, illustrates one of the limitations upon the power of commissioners to remove a bridge.

On the charge of bad faith made in the petition the district judge restrained the commissioners from vacating the public road which crosses the river at the location of the old bridge. On trial of the case this order was revoked. No obstacle remains to the vacation of the road in question, or any portion thereof in the manner provided by section 7274 of the General Statutes of 1909.

47—87 KAN.

So long however as such road remains open as a public highway the proper public officers should put it in a reasonable and suitable condition for travel. The restraining order issued by this court has spent its force, and the only assignment of error being in effect that the appellant was entitled to judgment on the undisputed facts of the case, we have herein considered the law applicable to such facts. We find no error in the judgment of the court.

The judgment is affirmed.