### No. 27,176.

M. H. HEATHERMAN, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KINGMAN, *Appellant.*

#### SYLLABUS BY THE COURT.

1. HIGHWAYS—*Vacation—Judicial Character of Act.* In determining whether any legal objection to vacating a road appears (R. S. 68-106), the board of county commissioners acts judicially.

2. SAME —*Vacation — Legal Objection.* The fact that a landowner's property would be taken without compensation and without remedy for compensation, is a legal objection to vacating a road.

3. SAME—*Vacation—Appeal From Order.* An appeal may be taken to the district court from an order vacating a road, to review the judicial action which ·the order embraces. (R. S. 19-223.)

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed March 12, 1927. Affirmed.

*H. E. Walter,* of Kingman, for the appellant.
*John McKenna,* of Kingman, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The board of county commissioners vacated a road, with the result that a landowner was wholly deprived of access to a portion of his farm. He appealed to the district court. The board of county commissioners moved to dismiss the appeal. The motion was denied, and the board of county commissioners appeals. The ground of the motion to dismiss was that the district court had no jurisdiction to entertain the appeal, because the order vacating the road was a legislative act.

Chapter 19 of the Revised Statutes of 1923 is devoted to the sub-

Highways, 29 C. J. pp. 518 n. 16, 531 n. 54.

ject of counties and county officers. Article 2 of the chapter relates to county commissioners, and subdivision (*a*) of the article to powers and duties of county commissioners. Authority to vacate roads is conferred on county commissioners by R. S. 19-212. R. S. 19-223 reads as follows:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, . . ."

Chapter 68 of the Revised Statutes of 1923 is devoted to the subject of roads and bridges, and the procedure for vacating roads is found in the road law. (R. S. 68-102 to 68-106.) In general, the procedure for vacating a road is the same as the procedure for laying out a road—petition, notice, view, report of viewers, and decision. If the proceeding be one to establish a road, the statute provides for an order having that effect. Strangely enough there is no specific provision, and so far as discovered never has been, for an order vacating a road. The pertinent provision of the statute reads:

"The said commissioners [acting as viewers] or viewers shall make out and sign a certificate stating their opinion in favor of or against the establishment, alteration or vacation of said road or any part thereof, and set forth the reason of the same, which certificate shall be filed with the county clerk on or before the first day of the session of the commissioners then next ensuing; and at such session next ensuing the said commissioners shall, if they conclude that said road should be established, altered, or vacated, and no legal objections appear against the same, and they are satisfied that such road will be a public utility, enter an order upon their records that said road, survey and plat be recorded in the office of the county surveyor, and from thenceforth said road shall be considered a public highway, . . ." (R. S. 68-106.)

Of course the statute must be read to provide that if the commissioners conclude the road should be vacated, and no legal objection appears, and they are satisfied the road is not of public utility, they shall enter an order upon their records vacating the road.

When determining whether a road shall be vacated, the board of county commissioners must consider and decide two classes of questions: First, whether there is legal objection; second, how vacation of the road will affect the public welfare. The second question involves matters of policy and expediency. The first question may involve invasion of private, legally protected interest. The first question is judicial in its nature. The second is legislative.

A landowner injured by vacation of a highway has no remedy by way of damages. (*Sample v. Jefferson County,* 108 Kan. 498, 196

Pac. 440), and the fact that he is deprived of property without compensation and without remedy for compensation, is a legal objection.

The provision concerning legal objection corresponds to the provision in the statute considered in *Bolmar v. Shawnee County,* 109 Kan. 91, 197 Pac. 880, "that no private rights will be injured or endangered by the vacation," and corresponds to the provision in the statute considered in the case of *Nash v. Glen Elder,* 74 Kan. 756, 88 Pac. 62, regarding "manifest injury to the persons owning real estate." In these cases, orders of boards of county commissioners included action both judicial and legislative in character. The two kinds of action were discriminated, and it was held the features of the orders which were of a judicial nature might be reviewed.

In this instance the statute granting an appeal to an aggrieved person was not intended to confer authority on the district court to determine whether the public interest required vacation of the road. It was intended to grant power to review that part of the vacating order which had the effect of a judicial decision respecting the landowner's private right, and the district court properly took jurisdiction of his appeal.

The judgment of the district court is affirmed.