## No. 28,728.

JACOB GANTZ, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, AMOS H. LEACH, Chairman, et al., THE UNION PACIFIC RAILROAD COMPANY, Intervener, *Appellees.*

(282 Pac. 265.)

Opinion filed November 9, 1929.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, *Edward T. Riling* and *John J. Riling,* both of Lawrence, for the appellant.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson,* all of Topeka, and *Lloyd Morris,* of Oskaloosa, for appellee the Board of County Commissioners; *T. M. Lillard, Bruce Hurd* and *O. B. Eidson,* all of Topeka, for appellee the Union Pacific Railroad Company.

The opinion of the court was delivered by

JOHNSTON, C. J.: Jacob Gantz brought this action to enjoin the commissioners of Jefferson county from closing a highway and railroad crossing through his farm. The Union Pacific Railroad Company was made a party defendant. The injunction was in part granted and in part refused. Plaintiff appeals from the ruling so far as it was adverse to him, and the defendants appeal from the judgment enjoining the commissioners from abandoning or closing the highway and bridge west of plaintiff's residence.

Upon the testimony the court, among other things, found that in 1859 the highway was established and a part of it has been designated as the Golden Belt highway, which ran east and west through the center of the section in which plaintiff's farm was located.

Plaintiff owned land on both sides of the highway and his residence was on the south side of that highway facing north. Buck creek, a stream running about north and south just west of plaintiff's residence, had a bridge over it, which had been built and maintained by the county. East of plaintiff's residence the highway crossed the railroad at an angle which made it a dangerous crossing. In May, 1919, a petition was filed with the county commissioners for the improvement of the Golden Belt highway, and the state highway commission had previously made an order that the crossing mentioned and several others on the highway should be eliminated, and to that end the highway should be relocated north and parallel to the railroad. In compliance with this order the relocation was made by the county commissioners, and they acquired a right of way along the north side of the railroad for the new highway. The relocated highway was about 500 feet north of the old road on which plaintiff's residence fronted. A private crossing over the railroad east of Buck creek had been maintained for the use of plaintiff by which he reached the relocated road, and another crossing for his benefit was maintained west of Buck creek. We insert a map on the following page showing the situations and locations mentioned.

In December, 1924, and during the construction of the relocated highway plaintiff joined in a petition asking the commissioners to change the material for surfacing the new road from gravel to concrete, and he had observed the work as it progressed. During the construction of the new road the old road was kept open to travel, and when the relocated road was completed the county commissioners adopted a resolution closing the old highway and eliminating the dangerous crossing. As to the old highway west of plaintiff's residence the commissioners agreed that the bridge across Buck creek would be left for plaintiff's use, and over which he would have access to the west part of his farm. Plaintiff had access to his land and the new road over the private railroad crossing north of his house, and that while some extra travel resulted, the court found that it was too slight to keep open the dangerous crossing east of his home. It was also found that plaintiff never made any protest against the closing of that crossing, but on the other hand had expressed himself as being satisfied with the elimination of it. Under the order of the state highway commission to eliminate the crossing, the expense of the relocation amounted to $13,327.32, one-half of which was assessed to and paid by the Union Pacific Railroad Com-

- SKETCH · MAP · SHOWING ·
- LAND · IN · NEIGHBORHOOD · OF
- DUCK · CREEK · RAIL ROAD · STATION ·
- JEFFERSON · COUNTY · KANSAS ·
- MKRR. G.64, 31-1428 · No · Scale ·

COUNTY ENGINEER.

N.E. 1/4 · 34 · 11 · 19 ·

pany. The court decided, as we have seen, that plaintiff was not entitled to an injunction against closing the crossing, but it also found that he was entitled to have the west part of the old highway, including the bridge, left open and maintained by the public, and that the offer of defendants to leave the bridge for his own use, and to be maintained by himself, did not satisfy the right to which he was entitled. The plaintiff appeals from that part of the judgment adverse to him and defendants appeal from the granting of an injunction against abandoning or closing of the highway and bridge west of plaintiff's residence.

It is contended by plaintiff that the court was not warranted in denying the injunction against closing the crossing. Obviously it was a dangerous one and the state highway commission wisely determined that there was a necessity for its elimination. That commission and the board of county commissioners, coöperating as the statute provides (R. S. 68-509), proceeded with relocating the highway and eliminating the crossing. The county had made the order as it had the right to do. (*State, ex rel., v. St. Louis-S. F. Rly. Co.*, 124 Kan. 433, 260 Pac. 980.) The highway is a much-traveled one between the cities of Topeka and Lawrence, and as a measure of safety the state highway commission directed the elimination of a number of grade crossings between these points, including the one involved here. It was petitioned for by the citizens and was accomplished by the relocation of the highway and the building of a new bridge. The plaintiff had full knowledge of the proceedings for the relocation of the highway and the vacation of the old road, and he joined with other citizens in petitioning for the substitution of concrete for gravel on the relocated highway. Land for the new highway was acquired from plaintiff and he accepted compensation for the lands so acquired. In conversation with Mr. Haynes, one of the commissioners, prior to the commencement of the action when the subject of the vacation of the old road was mentioned, plaintiff said he would be glad to be rid of the traffic on that road in front of his house, and he then asked if the board would leave the old bridge there for his use. He was told by Mr. Haynes that he did not think the bridge was worth moving and that plaintiff could have it if he would agree to maintain it. That there was a vacation of the old highway, although disputed, is practically admitted in plaintiff's petition wherein he sets forth in effect that the board on September 5 had passed a resolution vacating the highway and relocating it on the north side of the railroad in

accordance with an order by the state highway commission. In another lawsuit growing out of the relocation of the road, in which the plaintiff was a witness, he testified that the old road in front of his home had been vacated by the commissioners and that the new road would be north of the railroad, and he stated to another witness that he understood the old road would be vacated and he did not think it would be just to the taxpayers to compel the county to maintain the old road and bridge.

Under the circumstances disclosed in the record the plaintiff is not now in a good position to claim that he is entitled to an injunction against the vacation of the highway and elimination of the dangerous crossing. He is asking for an equitable remedy, and to grant it would be inequitable after his acquiescence in the relocation and the elimination of the crossing and after the relocated road which is of an expensive and permanent character had been completed, and the expense thereof had been paid, one-half by the county and the other half by the railroad company. His statements, action and silence in respect to the project should bar him from obtaining a permanent injunction. He voluntarily sold his land for the relocated road and he never claimed any damages for the inconvenience, if any resulted, in being required to go from his home on the old road a short distance to the relocated highway. It was the function of the state highway commission to determine the necessity for the elimination of the crossing, and the law contemplates that so far as practical the commissioners shall carry out the decision of the state commission. The county commissioners did this in obedience to the admonition of the statute, that it be done so far as practicable by paralleling steam or electric railroads, by constructing undergrade or overhead crossings or by the use of such other means as may be necessary to safeguard the traveling public. (R. S. 68-509.) The court may not usurp the function of the state highway commission, legislative as they are in character, nor the discretion vested in the county commissioners under the statute. If a landowner is not denied ingress and egress to and from his land he cannot prevent by injunction the accomplishment of the measures devised for the safety and benefit of the public. If damages have been suffered the landowner may claim them, but if he fails to claim damages he cannot complain that none was paid, especially after the elimination of the crossing and the steps incident to it have been carried out, and if he fails to claim damages he cannot in an injunction proceeding complain that none was paid after the elimination

of the crossing and the steps incident to it have been taken. Plaintiff cites *Sample v. Jefferson County,* 108 Kan. 498, 196 Pac. 440, to sustain his claim, but that case arose under a different statute and where the bridge ordered to be removed furnished the only means of ingress to and egress from the plaintiff's farm. It is not authority here as the plaintiff may easily reach the new highway by passing north over his own land a short distance, and there is also a highway on the west line of his farm. Other cases relied on do not support the right of plaintiff to an injunction.

The defendants in their cross appeal complain of the finding of the trial court that the plaintiff is entitled to have maintained the old road and the bridge thereon west of his residence to the section line and of the granting of an injunction against defendants from abandoning or closing that part of the road and bridge. The road had been vacated and the commissioners had agreed to leave the bridge on the vacated road and leave it intact for his use and benefit, but without any responsibility for its maintenance. The court indicated' that the leaving of the bridge for his personal use and which he. would be compelled to maintain is not a sufficient protection of his rights. As the plaintiffs had access to a highway, the commissioners had no right to provide and maintain a highway for the convenience of plaintiff alone in reaching a part of his farm. It was determined by the commissioners that the removal of the bridge was not practical, or rather, so far as the county was concerned it was not worth moving. In leaving the bridge the commissioners did not sacrifice any interest of the public, and as he had asked that it be left for his use it was offered to him on the condition that the county should not be liable for maintenance. In the situation noted there was no good reason for setting aside the vacation of the road, including the bridge, and the fact that plaintiff would be compelled to maintain the bridge did not afford a ground for the permanent injunction. The offer of the use of the old bridge as shown in the record will still be available to the plaintiff if he chooses to accept it, but on the evidence in the record, about which there is no material dispute, that part of the judgment granting an injunction is deemed to be error, and hence it is reversed and the part denying an injunction is affirmed. The case is remanded with directions to enter judgment for the defendants in denying the injunction in its entirety.

HARVEY, J., is of the opinion that the judgment of the trial court should be affirmed in its entirety.