A. C. WILLIS, *Appellant,* v. NATHAN STAFFORD, *as Township Trustee, etc., et al., Appellees.*

No. 16,990.

SYLLABUS BY THE COURT.

1. HIGHWAYS — *Location* — *Opening* — *Injunction—Remedy.* A road was petitioned for, viewed, located and ordered to be opened, the order reciting that it be established as a public highway, "beginning at the southwest corner of section 21, . . . thence running north regardless of disputed corners to the state line." The true location of the northwest corner of section 21 was disputed, the surveyor's report showing that he had located it about six rods east of where the appellant claims it is. The appellant was awarded damages but took no appeal from the order or allowance of the board. *Held,* that he can not maintain injunction to prevent the opening of the road.

2. ——— *Appeal from Surveyor's Report.* An attempted appeal from the surveyor's report under section 2275 of the General Statutes of 1909 was without avail, such section having reference to land surveys and not to the kind of survey involved here.

Appeal from Republic district court. Opinion filed April 8, 1911. Affirmed.

*Nelson J. Ward,* for the appellant.

*W. D. Vance,* for the appellees.

The opinion of the court was delivered by

WEST, J.: The appellant owns the northwest quarter of section 21. A road was petitioned for, beginning at the southwest corner of section 21, thence to the north line of the township—a distance of four miles.

Viewers were appointed who, in company with the surveyor, laid out the road and reported to the county commissioners that after meeting at the point of beginning they viewed and laid out the route as petitioned for, which was surveyed under their direction by the county surveyor, and that he conspicuously marked the

road throughout, noting the courses and distances. The surveyor reported that the survey was as follows:

"Began at the corner of sections 20, 21, 28 and 29, township 1 south, range 4 west, ran north 9 degrees 45 seconds; all section corners being plainly marked, we did not chain the distance but ran entirely by transit. A question being raised as to the location of the corner of sections 16, 17, 20 and 21, I went to the corner of sections 15, 16, 21 and 22, ran west 80.45 chains to said corner of sections 16, 17, 20 and 21."

The plat of the road so surveyed is attached to the answer and marked "Exhibit A."

The board found the road a public utility and ordered that the report of the view and the plat of the survey be adopted, and that the road be declared located and established as a public highway, "beginning at the southwest corner of section 21, said township, thence running north regardless of disputed corners to the state line." It was further ordered that the trustee be notified to open the road for public travel, and that the appellant, A. C. Willis, be allowed $10 in full compensation for all damages occasioned by the location and establishment of the road.

The appellant seeks to enjoin the opening of the road and claims that the true corner of sections 16, 17, 20 and 21 is about six rods west of where the surveyor reported that it belongs, which the appellant urges causes a deviation from the real section line—the intended location.

The appellees claim that the reports and orders must govern and that the appellant has mistaken his remedy; that he should have appealed if he was dissatisfied. It appears that he did attempt to appeal from the surveyor's report, but this was without avail, for the reason that he proceeded under section 2275 of the General Statutes of 1909 (Laws 1891, ch. 89, § 10), which has reference only to a land survey and gives no right of appeal from the report of the surveyor who acts with the viewers in locating a road.

It is argued that the reports and order show on their faces that the intended section line was left to the west by the road laid out, and that it is therefore in law no road. We think, however, that the petition, the reports and the order, taken together, show conclusively that the road was simply to run north from the point of beginning to the termination, and that this was to be done regardless of disputed corners. It is clear that the whole trouble arises over the true location of the northwest corner of section 21, and if the appellant felt aggrieved by the reports and the order he should have appealed. The fact that he was awarded damages indicates that he had ample time and notice and we think he has mistaken his remedy. (Civ. Code, § 567; Laws 1903, ch. 411, § 4, Gen. Stat. 1909, § 7280.)

The judgment is affirmed.