No. 40,368

In re Petition of JAMES E. McADAM for the Establishment of a Private roadway. (JAMES E. McADAM, *Appellant,* v. Ross GOSNEY and ESTHER M. GOSNEY, *Appellees.*)

(309 P. 2d 648)

Opinion filed April 6, 1957.

*Guy L. Goodwin,* of Wichita, argued the cause, and *H. W. Goodwin,* of Wichita, was with him on the briefs for the appellant.

*J. Ashford Manka,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, William I. Robinson, Clifford L. Malone,* and *Mark H. Adams, II,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This was a proceedings commenced by the guardian of a minor landowner before the board of county commissioners of Sedgwick county for the establishment of a roadway across adjoining land in order to gain access to a public highway. The petition

for the roadway was denied by the board and on appeal to the district court, it was again denied, from which denial this appeal was taken. We shall refer to the appellant as the petitioner and to the board of county commissioners as the board.

Our attention is first directed to the jurisdictional question as to whether petitioner had a right of appeal to the district court. The first element of this proposition pertains to the power exercised by the board. Was that power of a purely political nature consisting of a legislative, administrative, executive, or discretionary function, or was it quasi-judicial? (*Fulkerson v. Comm'rs of Harper Co.*, 31 Kan. 125, 1 Pac. 261.) If the power exercised was judicial or quasi-judicial, then an appeal to the district court from an order of the board acting in such judicial capacity was proper. (*City of Salina v. Thompson, Trustee of Mo. Pac. Rly. Co.*, 169 Kan. 579, 220 P. 2d 147.) Where a special statute does not specifically provide for such an appeal, one may be taken under the general statute (G. S. 1949, 19-223) which, in part, provides:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county . . ."

The determination of the applicability of a statute to a given situation is strictly a judicial function. (*McCluggage v. Loomis*, 176 Kan. 318, 270 P. 2d 248.)

The second element of the proposition now being considered is whether the notice was sufficient. The notice of appeal to the district court was timely served on the county clerk, and was directed to the county commissioners, county counselor, and J. Ashford Manka as attorney of record for Ross Gosney and Esther M. Gosney (appellees here), who had appeared as objectors in the proceedings before the board. Without laboring the point, we think this notice was sufficient. (G. S. 1949, 19-223.) We believe the appeal is proper and the motion to dismiss is denied.

We shall not detail all the history and circumstances of this case but will cover only those parts necessary for a determination of the appeal. For clarity, we are including as part of this opinion a map showing the outlay of the land involved.

Petitioner's land consisted of plots A, B, C, D, E, and F but the particular parcel involved in this appeal is plot D. There has always been a roadway along the north edge of the Gosney land and it is still in existence. The Gosneys have a locked gate on the road-

way and petitioner's testimony showed that Mr. Gosney had not denied petitioner the use of this roadway whenever he could find Gosney with the key. There was also evidence that the Protection Drainage District had given petitioner authority to cross the drainage district ditch, but we do not believe the question requires setting out that testimony.

The statute involved is G. S. 1949, 68-117 which in part provides:

"That whenever the premises of any person in this state shall be so completely surrounded by adjoining lands, the property of other persons . . . then such person may petition the board of county commissioners of the county in which such premises lie for a road. . . ."

The above statute was also involved in the McCluggage case, *supra,* where the situation was quite similar to the one presented to

us now. It is nowhere contended that petitioner's entire tract of land is *completely* surrounded by the land of others and in order to grant petitioner the relief sought we would have to read into the statute something that is not there, which would be that "whenever *a part of* the premises," etc. An action such as this must be taken by the legislature as otherwise it would be an invasion of the legislative power. Our opinion is that petitioner has not made a sufficient showing to be entitled to the relief sought and the denial thereof was proper.

The judgment is affirmed.

FATZER, J., dissents from that part of the syllabus and corresponding portion of the opinion which holds that the board of county commissioners was acting in a quasi-judicial manner in denying the relief sought and an appeal from its order was properly taken to the district court.