(604 P.2d 63)

No. 50,326

IN THE MATTER OF THE PETITION OF ELMER HALL for Public Road. ELMER HALL, *Appellant,* v. TWIN CANEY WATERSHED JOINT DISTRICT NO. 34, of Chautauqua, Montgomery, and Elk Counties, Kansas, and EMIL F. CARRA, *Appellees.*

Opinion filed December 21, 1979.

*John R. Horst,* of Caney, for appellant.

*Paul A. Lamb,* of Coffeyville, for appellee Emil F. Carra.

*Riley O. Robbins,* of Sedan, for appellee Twin Caney Watershed Joint District No. 34, of Chautauqua, Montgomery, and Elk Counties, Kansas.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: Appellant Elmer Hall (petitioner) is the owner of a tract of land located in Chautauqua and Montgomery Counties. The tract is completely bisected by Bee Creek. That part of the tract lying to the west of Bee Creek is completely surrounded by the lands of others on the north, west and south, and by Bee Creek to the east. Petitioner, however, owns land east of Bee Creek, also, and has access from that portion of his premises to a public road. Appellee Emil Carra (Carra) owns the land to the north and west of the western portion of petitioner's land. Appellee Twin Caney Watershed Joint District No. 34 (watershed district) has an easement for a dike which runs generally north and south along the western side of Bee Creek.

Petitioner asked the Chautauqua County Commissioners to establish a road under K.S.A. 68-117 over the dike and a portion of Carra's land. Both Carra and the watershed district objected. The commissioners made findings and approved the road as requested. Carra and the watershed district then appealed to the district court. The parties stipulated as to ownership of the

various tracts of land. Thereafter the court granted summary judgment to the watershed district and Carra. Petitioner appeals.

For clarity, we are including as part of this opinion a map showing the outlay of the land involved.

Petitioner first complains that the district court erred in granting summary judgment when no motion or statement of uncontroverted facts had been filed prior to the hearings as required by K.S.A. 60-256(c) and Supreme Court Rule No. 141 (224 Kan. lxviii).

The trouble with this contention is that at a pretrial conference the justiciable facts were agreed upon. Furthermore, while the court did not formally comply with Supreme Court Rule No. 141, all of the requisites for summary judgment were met by the pretrial conference. At such time the controverted facts were established and agreed to by the parties and the legal issues were set out. It is noted that petitioner made no objection as to the procedure being followed, and furthermore, both parties submitted briefs to the court. There was thus no prejudice to the petitioner by the manner in which the hearing was held.

We note the failure to follow strict procedure was considered in *City of Ulysses v. Neidert,* 196 Kan. 169, 409 P.2d 800 (1966). There, our Supreme Court, at page 171, stated:

"As a preliminary matter appellants complain in this court that appellees' motion for summary judgment was not made in compliance with K.S.A. 60-256(*c*) in that the motion was orally made and appellants were not given ten days' advance notice thereof. The record affirmatively recites that at the time this motion was made at the pretrial conference appellants made no objection and in fact agreed on the procedure employed whereby the parties submitted their arguments on the motion to the court in the form of written briefs for later decision. At no time have appellants complained of lack of time for preparation on the motion. Under these circumstances, after the adverse ruling, appellants are in no position to complain for lack of the statutory period of notice."

Petitioner next complains that a question of material fact exists which precludes summary judgment. If a question of material fact remains, then to grant summary judgment is error. We look first to the statute K.S.A. 68-117, which in pertinent part reads as follows:

"Whenever the premises of any person shall be so completely surrounded by adjoining lands, the property of others or by such lands and water, as to be without access to any public highway, then such person may petition the board of county commissioners of the county in which such premises lie for a road, and one road only, through some portion of the adjoining lands."

We pause to note that the action of hearing a petition to establish an access roadway pursuant to K.S.A. 68-117 is a quasi-judicial function, and therefore an appeal to the district court is proper, as well as an appeal to this court. *In re Petition of McAdam,* 181 Kan. 73, 309 P.2d 648 (1957).

Petitioner asserts that any portion of land which is cut off from access to a public road by land of another or water is entitled to be

joined to such road under the statute. Appellee argues that the definition of "premises" from *McAdam* precludes this result:

"It is nowhere contended that petitioner's entire tract of land is *completely* surrounded by the land of others and in order to grant petitioner the relief sought we would have to read into the statute something that is not there, which would be that 'whenever *a part of* the premises', etc. An action such as this must be taken by the legislature as otherwise it would be an invasion of the legislative power." 181 Kan. at 76.

Appellee also relies on *McCluggage v. Loomis,* 176 Kan. 318, 270 P.2d 248 (1954), where petitioner's land was bisected by a stream in much the same manner as the present case. In both *McCluggage* and *McAdam,* the court held that the petitioner was not entitled to a roadway as the conditions of the statute were not met.

We note there is considerable similarity between *McAdam* and *McCluggage* and the instant case. The cases are distinguishable, however.

In both *McAdam* and *McCluggage,* even the portion of land contended to be without access to the highway did not meet the condition of the statute then in effect that it be surrounded by the lands of others.

In *McAdam,* said land was bordered on one side by a drainage ditch and on another side by a turnpike, neither of which were contemplated by the statute. In *McCluggage* the petitioner's tract of land was bordered by a stream, and since the statute had not yet been amended to include water, her situation did not meet the conditions of the statute either.

In the instant case, petitioner's portion of land does meet this condition of the statute as amended in that such tract is surrounded by the land of others on three sides and by water on the other side.

Even so, the question of whether such land is so surrounded by lands of another and water *as to be without access to a public highway* is still open. Since there was no evidence taken as to how extensive a creek Bee Creek is, this question of material fact remains. It is clear from the language of the statute that in order for a petitioner to obtain a right of way, it would be necessary for him to prove that the water was so extensive as to deprive him of a reasonable passage over it. Thus, on appeal, we are confronted with a case which cannot be decided by us because we lack an

essential, material fact, and this case must be reversed and remanded to the trial court for findings of fact relative to the extent of the water in Bee Creek and a determination as to whether or not it is extensive enough to deprive petitioner of access to any public highway from that portion of his premises situated west of Bee Creek. The test, we feel, should be "reasonable access."

Petitioner also questions the propriety of a governmental unit condemning an easement over property previously taken and actually used by another governmental unit. The general rule is that such an easement can be granted only if it will not materially impair or interfere with the use of the prior easement. *City of Dania v. Central & So. Florida Flood Con. Dist.,* 134 So. 2d 848 (Fla. App. 1961). See also 35 A.L.R.3d 1293 at § 12, 1337.

We note that K.S.A. 68-117, in pertinent part, states as follows:

"Said road shall be not less than forty (40) feet nor more than one hundred (100) feet in width and shall be laid out upon the quarter or quarter-quarter section lines when practicable."

Thus we have an additional missing material fact. That is, would the road interfere with the prior easement for a levy; furthermore, was there a showing as to why the road easement was not laid out upon the quarter or quarter-quarter section lines?

We conclude the order of the trial court in granting summary judgment must be reversed and that this case be remanded to the trial court for proceedings in conformity with the views expressed herein.

Reversed and remanded.