Michael L. Goodrich Cherokee County Counselor P.O. Box 174 Columbus, Kansas 66725
Dear Mr. Goodrich:
You have asked our opinion regarding whether Cherokee County may establish a minimum maintenance county road for access through a residential area. You state that approximately thirty citizens of Cherokee County have requested the County to open a twenty-foot wide road in their housing development. You indicate that there has been a private roadway in existence for over thirty years through this residential development, and that the landowners now wish to have a county road opened; however, the proximity of the roadway to their existing homes does not allow for the minimum sixty-foot wide road prescribed by K.S.A. 68-116. It is your belief that the provisions of K.S.A. 68-116 are mandatory. The Board of County Commissioners are desirous of finding a compromise solution that would allow the opening of a road narrower than sixty feet. The Board wonders whether creating a minimum maintenance road may be a viable alternative solution. You ask the following questions:
 1. Is the County required to officially open a county road before that road may be declared a minimum maintenance road?
 2. If opening a county road is necessary to declare that road a minimum maintenance road, are easements given by the landowners to the County, or prescriptive use easements acquired by the landowners and subsequently assigned to the County, adequate to allow the County to declare the land within those easements a minimum maintenance road?
 3. May a county open a minimum maintenance road for the purpose of maintaining access through a residential area?
 4. In opening a minimum maintenance road for access through a residential area, must a county comply with all provisions set forth in Chapter 68 of the Kansas Statutes Annotated for the opening of a county road? If so, which statutory provisions must the county follow and what is the procedure for opening a minimum maintenance road?
A county's authority to establish public roads is governed by statute. K.S.A. 19-212 Ninth authorizes a board of county commissioners "[t]o lay out, alter or discontinue any road running through one or more townships in such county, and also to perform such other duties respecting roads as may be provided by law." K.S.A. 68-101 provides that "[t]he term `county roads' shall mean all roads designated as such by the board of county commissioners. . . ."[1] A board of county commissioners may lay out or alter any road upon petition of an adjacent landowner or without a petition "when deemed necessary by the board."[2] K.S.A. 68-116
prescribes the width of county roads as follows:
 "The width of all county roads shall be determined by the viewers at the time of establishing the same, and shall not be more than one hundred and twenty (120) nor less than sixty (60) feet. . . ."
The statute authorizes a board of county commissioners to increase the prescribed width when necessary for public safety or proper construction of a road; however there is no authority for decreasing the prescribed width. Attorney General Opinion No. 82-219 determined that in order to use county road and bridge fund moneys to maintain a road, the road must be designated a county road and satisfy applicable statutory requirements and specifications including the width requirements of K.S.A. 68-116.
K.S.A. 68-5,102 provides for declaration of a minimum maintenance road and sets forth the following procedure:
 "(a) When the board of county commissioners of any county is of the opinion that any road within the county or on the county line is used only occasionally or is used only by a few individuals, the board may commence proceedings to declare the road a `minimum maintenance road. . . .'
 "(b) When a determination is to be made that one or more roads or parts of roads may be declared minimum maintenance roads, the board shall adopt a resolution describing such roads and shall transmit copies thereof to the planning commission of the county for its recommendation.
 "(c) When a resolution is adopted under subsection (b) the board of county commissioners shall cause it to be published once in the official county paper together with a statement that a hearing will be held on such determination with the time and place of such hearing specified. Any person wishing to appear at such hearing and give evidence or testimony thereon may do so. At the conclusion of such hearing the board shall determine what roads or parts of roads described in such resolution are to be declared by it minimum maintenance roads.
 "(d) Not later than 10 days after any road is declared to be a minimum maintenance road, signs shall be posted thereon by the board of county commissioners stating `Minimum maintenance, travel at your own risk.' Such signs shall display black letters on a yellow background with the letters being at least two inches high.
. . . .
 "(f) Whenever a road has been declared a minimum maintenance road in accordance with this section and signs have been posted thereon as provided in (d), the state, the county and the townships within such county and employees of such governmental entities shall be exempt from liability for any claim by any person under the Kansas tort claims act with respect to such minimum maintenance roads. No such governmental entity or employee thereof shall be liable for damages arising from such roads or their maintenance or condition."
With this statutory framework in mind, we now turn to your specific questions. You ask whether the County is required to officially open a county road before that road may be declared a minimum maintenance road. Attorney General Robert T. Stephan opined that the provisions of K.S.A.68-5,102 cannot be applied to a road that has not been officially opened by the county.[3] That opinion concerned a crossing through a dry river bed created by residents when a bridge over the river was closed. Concerned about potential liability from persons using the river bed crossing that was connected to a county road, the county questioned whether it could declare the river bed crossing a minimum maintenance road in order to avoid liability. The opinion concluded that if an easement through the river bed was granted to the county, "the county could go through the steps of laying out a road across the river bed, applying, if desired, K.S.A. 1981 Supp. 68-5,102 after having done so."
Whether a particular road is laid out appears to be discretionary with a board of county commissioners. The language of K.S.A. 2001 Supp. 68-102
is permissive when a petition requesting a road is received or when a board of county commissioners decides to lay out a road without a petition. Therefore, in answer to your second question, easements provided by the landowners[4] to Cherokee County may enable the County to lay out a road if the Board of County Commissioners determines that it is in the best interests of the County to do so.
Your next question is whether a road used for access to a residential area may be declared a minimum maintenance road. K.S.A. 68-5,102 permits a board of county commissioners to declare "any road within the county"[5] a minimum maintenance road if it is of the opinion that the road "is used only occasionally or is used only by a few individuals." It is our opinion that a road used primarily for access through a residential area may be declared a minimum maintenance road if the requirements of K.S.A. 68-5,102 are met.
Finally, you ask whether the County must comply with all provisions of Chapter 68 of the Kansas Statutes Annotated that are required for opening a county road if it desires to open a minimum maintenance road, and what procedures the County must follow to open a minimum maintenance road.
The Kansas Supreme Court has held that a board of county commissioners must follow the procedures and conditions prescribed by the legislature when establishing a road. The Court found that a county commission was without authority to establish a road pursuant to a petition that did not meet the statutory conditions set forth in K.S.A. 19-117 to establish a road to property without access to a public highway.[6] In reaching its conclusion, the Court stated:
 "The statute declares the precise conditions under which a person is permitted to petition the board of county commissioners for a road. County commissioners and courts are without authority or power to substitute their own conditions therefore or to read exceptions into the statute. . . ."[7]
Because a road must be officially opened before it can be declared a minimum maintenance road, the County must comply with the provisions of K.S.A. 68-101 et seq. for laying out and opening a road. Specifically, K.S.A. 2001 Supp. 68-102 allows the board of county commissioners to open a road upon petition, or without a petition when it deems necessary, and requires the board to provide notice of laying out the road pursuant to K.S.A. 2001 Supp. 68-102a. Additionally, if the board receives a petition, it must follow the provisions of K.S.A. 68-104 through 68-107
regarding the appointment of road viewers, surveying and laying out of the proposed road, the notice by petitioner and the assessment of damages. As previously stated, the County must also comply with the prescribed width requirements stated in K.S.A. 68-116.
In summary, a board of county commissioners has discretion to determine whether a county road is opened pursuant to K.S.A. 68-101 et seq. In laying out and opening a county road, a board of county commissioners must satisfy applicable statutory requirements and specifications, including the width requirements of K.S.A. 68-116. A road used primarily for access through a residential area may be declared a minimum maintenance road pursuant to K.S.A. 68-5,102.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 68-101(3).
[2] K.S.A. 2001 Supp. 68-102(a).
[3] Attorney General Opinion No. 82-240.
[4] Certain requirements must be met in order to establish a prescriptive easement. Whether there is sufficient evidence to establish the creation of a prescriptive easement depends on the particular facts and circumstances of each case. See Stramel v. Bishop,28 Kan. App. 2d 262 (2000); Kratina v. Board of Commissioners,219 Kan. 499 (1976); Chinn v. Strait, 173 Kan. 625 (1952).
[5] Emphasis added.
[6] McCluggage v. Loomis, 176 Kan. 318 (1954).
[7] Id. at 323 (emphasis in original).