Seitz Packing & Manufacturing Company, Alfred J. Seitz, A. H. Holkenbrink and William Stone, Trustee in Bankruptcy of the Estate of Seitz Packing & Manufacturing Company, v. The Quaker Oats Company, a Corporation, Appellant.—124 S. W. (2d) 1177.

Division Two, February 21, 1939.*

*Brown, Douglas & Brown* for appellant.

---

*NOTE: Opinion filed at May Term, 1938, August 17, 1938; motion for rehearing filed; motion overruled December 20, 1938; further motion for rehearing filed; motion overruled at September Term, February 21, 1939.

*Randolph & Randolph* for respondents.

WESTHUES, C.—This case comes to the writer on reassignment. Plaintiff, Seitz Packing and Manufacturing Company, instituted this proceeding in the county court of Buchanan County, Missouri, under Section 7842, Revised Statutes 1929 (Mo. Stat. Ann., p. 6743), to establish a road from its property to a public street, over the property of the defendant, the Quaker Oats Company. Plaintiff's petition was granted and on appeal to the circuit court a trial *de novo* was had and plaintiff again prevailed, whereupon the defendant, Quaker Oats Company, appealed.

The plaintiff, Seitz Packing and Manufacturing Company, instituted this proceeding. Later, while the appeal was pending from the county court to the circuit court, A. H. Holkenbrink purchased a strip of ground from the Seitz Company and was made a party plaintiff by an order of the circuit court. Pending the appeal the Seitz Company became bankrupt and the trustee, William Stone, was made a party plaintiff. During the bankruptcy proceeding Alfred J. Seitz purchased all of the land owned by the Packing Company

except the parcel which had been sold to Holkenbrink. Seitz was therefore made a party plaintiff. Hereafter we will refer to the Seitz Packing Company as the plaintiff.

To determine the legal issues involved it will be necessary to describe the location of the property of both plaintiff and the defendant. The land is located in the city of St. Joseph, Missouri. Garfield Avenue runs in a northwesterly and southeasterly direction. Immediately to the south the main line tracks of the Rock Island, the Burlington and the Santa Fe run parallel to Garfield Avenue. The Seitz Packing Company owned a track of land to the south of these railroad tracks, six hundred and eighty-four feet in length, one hundred and eighty feet in width at the northwest end and about ninety-four feet in width at the southeast end. The Quaker Oats Company owned land which encircled the land of the Seitz Packing Company, except on the northeasterly side where the Seitz property adjoined the main line of the railroad tracks as above mentioned. The Seitz Packing Company petitioned for an outlet from a point at the extreme southeasterly end of its property over the land of the defendant to Sixteenth Street. The strip, described for an outlet at this point, was thirty-nine feet nine inches in width, about seventy-four feet on the northwesterly side and fifty feet on the southeasterly side. Defendant by its answer, conceded plaintiff's right to an outlet at this point. In its brief here defendant says:

"Appellant answered, conceding the petitioner the right of an outlet from the easterly end of its premises to the Sixteenth Street road, which by said answer it offered to confirm to the petitioner."

Plaintiff in its petition also asked the court to grant it a right-of-way over defendant's property lying to the south of and adjacent to the Packing Company buildings. These buildings covered the entire width of the lot owned by the Packing Company for a distance of three hundred feet extending easterly from the westerly line thereof. A building, leased to the St. Joseph Veterinary Laboratory Company, occupied the westerly one hundred and one feet of the lot and the entire width thereof. By agreement an outlet had been provided for over the strip of ground sought to be condemned, which was referred to as a revocable written license. The plaintiff began to construct a railroad switch on this right-of-way and the license for a roadway was revoked and the present proceedings were instituted. This strip of ground lying to the south of plaintiff's buildings, sought to be subjected to road purposes, had no connection with the other parcel of land over which defendant concedes plaintiff may legally establish a private road. It was described as follows in the report of the commissioners appointed by the county court:

"The first parcel begins at a point on the south line of the above described property of Seitz Packing Company, forty-eight (48) feet

southeasterly of the southwest corner of said real estate of the Seitz Packing Company, thence south and west at right angles with the said south line of said real estate twenty (20) feet, thence in a southeasterly direction to a point on the said south line of the said real estate of the said Seitz Packing Company four hundred five (405) feet southeast of the point of beginning, thence northwesterly along the said south line of said property of Seitz Packing Company to the point of beginning."

It will be noted that the land described is a strip of land wedge shape in character, twenty feet wide at the west end and running to a point four hundred and five feet to the east. This parcel of land was not needed by the Packing Company for an outlet to any street, but was needed for a roadway along the south side of plaintiff's buildings to haul freight to and from these buildings. In other words, plaintiff's buildings occupied the entire width of the land owned by it so that there was no room on its property for a roadway. Evidence was introduced over appellant's objection that it would be extremely expensive, in fact prohibitive to rearrange the construction of the Laboratory plant so as to make room for a roadway on the land of the Packing Company. For the purpose of this case let that fact be conceded.

Many cases involving proceedings under Section 7842, supra, presenting various situations, have reached this court and our appellate courts. The statute has consistently been construed as authorizing the establishing of private roadways only for the purpose of providing egress and ingress to land not bordering upon a public road. [Richter v. Rodgers, 327 Mo. 543, 37 S. W. (2d) 523; 50 C. J. 381, sec. 9.] The wording of the statute does not permit any other interpretation. It is true that in Wiese v. Thien, 214 S. W. 853, 279 Mo. 524, 5 A. L. R. 1552, the plaintiff was granted a private roadway over the land of his neighbor, where a part of plaintiff's land lay adjacent to a public road. However, there was a high bluff at that point so that the highway was not accessible over plaintiff's land. Note what the court said:

"In this case the farm of the petitioner is situated on the west bank of the Bourbois River at a point where the stream is unfordable throughout a considerable portion of each year. One of its government subdivisions extends across the river a distance of about 200 yards. The east bank of the river is formed by a palisade of perpendicular rock surmounted by boulders which cover practically the entire strip. On this bluff runs a road which touches the east line of the strip for a distance of 69 feet, and then passes southwesterly away from it. The court has found that to construct a road from its farm to the road on the top of the bluff, so that it could be used only during that portion of the year when the stream was fordable,

would cost approximately $4000 which would be confiscatory of his land, which means as far as it means anything that the cost would amount to as much or more than the value of his farm.''

In those circumstances this court held that the position of plaintiff's land permitted him to have a private road established under the provision of the statute. We do not have a similar situation here. Defendant, Quaker Oats Company, concedes that plaintiff should have an outlet over the property of the defendant to Sixteenth Street. Defendant denies, however, that the statute authorizes the establishment of a private roadway along the south side of plaintiff's buildings, merely because plaintiff constructed its buildings covering the entire lot. We are of the opinion that appellant's contention must be sustained. In 50 Corpus Juris, 380, we note the following:

''A road cannot be laid out so as to permit a person to pass over the land of another merely for the purpose of passing from one tract to another track owned by him, under a statute empowering the highway surveyor to lay out a road from one's land to a mill, market, public landing, or other public road. Nor could such a road be laid out under a statute assuming to authorize it because it would be the taking of private property for a private purpose, in violation of organic law.''

That rule is applicable to the situation here. To grant plaintiff a roadway at this point would simply mean compelling the defendant, against his will, to sell plaintiff a strip of land which plaintiff deemed necessary to the proper operation of its plant. This cannot be done under our fundamental law. Article II, Section 20, of the Constitution of Missouri provides in part:

''That no private property can be taken for private use, with or without compensation, unless by the consent of the owner, except for private ways of necessity . . . in such manner as may be prescribed by law.'' [Colville v. Judy, 73 Mo. 651; 50 C. J. 381, sec. 9.] This rule of law is so evident, and has been so well established that we need not give the question further consideration.

The judgment is therefore reversed and the cause remanded. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

ON MOTION FOR REHEARING.

WESTHUES, C.—In appellant's motion for rehearing it is asserted that, ''the decision in this cause in so far as it affects the rights of respondent, A. H. Holkenbrink, to a way out from his land to a pub-

lic highway is in conflict with the Constitution of the State of Missouri and in conflict with an express statute, to-wit, Section 20 of Article II of the Constitution of Missouri, and Section 7842, Revised Statutes Mo. 1929.''

Holkenbrink had no interest in the land at the time this proceeding was instituted and did not acquire any interest until after the appeal was taken from the judgment of the county court. The commissioners, appointed by the county court to lay out the road, had performed their task long before Holkenbrink became interested in the land. The question was determined here as the interest of the parties existed at the time of the trial in the county court. The Seitz Packing Company had no right to condemn the narrow strip of land lying to the south of its plant. We so held in the original opinion and on further research we found the case of Kentucky Distilleries & Warehouse Co. v. Warwick Co. (Ky.), 179 S. W. 611, directly in point. The facts were similar and the Kentucky Supreme Court reached the same result as we did.

The Seitz Packing Company's rights could not be strengthened or enlarged by transfer of a part of the land to a third person after the case had been tried in the county court. Holkenbrink's rights were not adjudicated in this case. If he does not have access to his building he may institute proceedings in the county court to establish a way of necessity. If this way is sought over the property of the Quaker Oats Company that company may or may not have a defense. The commission to be appointed by the county court may grant Holkenbrink a right-of-way at another point more suitable to the convenience of Holkenbrink and that of the Quaker Oats Company. The Seitz Packing Company may also be interested in such a proceeding. In 19 Corpus Juris 927, section 124, we read:

''If the land is partly surrounded by that of the grantor and partly by that of strangers, a right of way over the remaining land of the grantor exists by necessity.''

The motion for rehearing is therefore overruled. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.