Andrew J. HOLLARS and Esther Hollars,
His Wife, Plaintiffs-Respondents,

v.

The CHURCH OF GOD OF the
APOSTOLIC FAITH, INC.,
Defendant-Appellant.

No. 11205.

Missouri Court of Appeals,
Southern District,
Division Four.

March 6, 1980.

Robert S. Wiley, Crane, for plaintiffs-respondents.

Keith V. Williams, Springfield, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a judgment establishing a private road of necessity over its property. § 228.340, RSMo 1969. Defendant contends that this statute is not applicable because a public road passes alongside plaintiffs' land.

Plaintiffs own 40 acres immediately west of defendant's property. An accessible public road runs along the northern boundary of plaintiffs' property. A "gorge", "canyon", "hollow", "valley", or "ravine", as it is variously described, runs in an east-west direction dividing plaintiffs' property approximately in half. We believe, based on the testimony and the photographic exhibits, and after resort to a dictionary, that this condition in plaintiffs' land is most accurately described as a "hollow". This hollow prevents vehicles from getting from one portion of the property to the other.

Plaintiffs purchased the property in 1965. They initially ran cattle on it and now have been using it to raise tomatoes and corn. Of the approximate 20 acres south of the hollow, 16 to 17 acres are tillable. No public road provides access to the southern half of plaintiffs' property. To reach it, plaintiffs used a public road along the east side of defendant's property and then went through defendant's property. When defendant sought to prevent them from passing through its property this action was brought. There was evidence that it would cost $3,500 to construct a road across or over the hollow.

The evidence on the difficulty in entering the southern part of plaintiffs' property all related to vehicular travel. It did not show if you could walk from one-half of the property to the other. Although plaintiffs' attorney contends that the photographs do not "do justice" to the hollow, they indicate that on foot you can travel through or across it and that such a hollow is not unusual for the Ozarks. There was an indi-

cation that a road might be necessary for cattle to cross the hollow, but no evidence regarding what would be necessary to construct a path or road sufficient only for cattle, or what it would cost. Whether a lack of access by vehicles prevented the south portion from being used is not in evidence. No dimensions of the hollow were given, perhaps because it would be difficult to define what would be a part of it. The evidence indicated that establishing a private road would be of benefit to plaintiffs, with little burden or inconvenience to defendant. The trial judge found that the hollow was "impassable" and that it would not be "reasonable nor practical" to build a roadway across it. The judgment established a roadway of necessity from the southern portion of plaintiffs' property through defendant's property to a public road.

The question, as we see it, is whether the plaintiffs are entitled under § 228.340, RSMo 1969, to a roadway of necessity because a portion of their property does not have a public road "through or alongside" it; and plaintiffs do not have, and cannot reasonably provide for, vehicular access to that portion of their property from a portion with access to a public road. While we give deference to the trial judge's decision and his ability to judge the credibility of the witnesses, there is no disputed testimony before us on the question as presented. The oral descriptions of the hollow were necessarily general, and we have the exhibits before us. The record does not show that the trial judge viewed the property; and deference, as usually given in determining the facts in a non-jury case, has no application here.

The statute should be strictly construed. *Curtman v. Piezuch*, 494 S.W.2d 668, 671 (Mo.App.1973). A literal application of it would deny plaintiffs' claim as a "public road passes through or alongside" their land. Apparently the only reported decision under this statute which has granted a roadway when a portion of the property had a road along it is *Wiese v. Thien*, 279 Mo. 524, 214 S.W. 853, 5 A.L.R. 1552 (1919). In *Wiese*, the plaintiff and his family lived on a farm on the west side of a river. The river went through his land and 200 yards of the land was east of the river. The east land apparently had no practical use. The land on both sides of the river, as well as the portion of the riverbed between them, was within Wiese's legal description as initially established by government survey. Along the land on the east side was a road at the top of a bluff. The river was impassable part of the year and the evidence showed that it would be very expensive to build a road up to the top of the bluff. The court determined that for practical purposes the portions should be considered as separate tracts and affirmed the granting of a private road of necessity. Plaintiffs contend that under the facts here they are entitled to a similar holding.

None of the other cases cited by the parties appear to cover a situation where the tract has a public road along it but the road is not accessible from all portions of the land. We think that the circumstances in *Wiese* are substantially different from the present case. The river made the property such that it would be considered as two separate tracts, one on each side of the river. That is not the present situation. It appears to us that everyone would consider plaintiffs' property to be one tract. Allowing a roadway of necessity here would, in effect, be changing the statutory language. We would be allowing a private road because a vehicle cannot travel from a portion of the same tract to a public road. It is our function to apply the statute as written. This statute authorizes the establishment of a private road only for the purpose of providing egress and ingress to land not bordering upon a public road. *Seitz Packing & Manufacturing Co. v. Quaker Oats Co.*, 343 Mo. 1059, 124 S.W.2d 1177, 1179 (1938). The wording of the statute does not permit any other interpretation. *Id.* Several decisions under similar statutes have denied relief where, because of geographic conditions or other physical objects, access to all or a part of a tract of land was severely limited or denied. See *McAdam v. Gosney*, 181 Kan. 73, 309 P.2d 648 (1957); *McClug-*

*gage v. Loomis,* 176 Kan. 318, 270 P.2d 248 (1954); *English Realty Company v. Meyer,* 228 La. 423, 82 So.2d 698 (1955); and Annot., 5 A.L.R. 1557, "Easement of way of necessity as affected by common ownership of parcels which are not accessible one from the other". Each case, of course, is different and must be determined on its own facts.

Plaintiffs' 40 acres is one tract of land. There is a public road alongside the tract and thus plaintiffs are not entitled to the relief sought. As § 228.340, RSMo 1969 was erroneously applied, the judgment must be reversed. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

The judgment establishing a private road of necessity through defendant's property is reversed.

All concur, except FLANIGAN, C. J., and MAUS, J., recused.

NORWIN D. HOUSER, Senior Judge, concurs.