**Harold S. KING, Appellant,**

v.

**JACK COOPER TRANSPORT COMPANY, INC., et al., Respondents.**

**No. WD 36734.**

Missouri Court of Appeals, Western District.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

M. Sperry Hickman, M. Sperry Hickman, Inc., Independence, for appellant.

Major W. Park, Jr., Gage & Tucker, Kansas City, for respondents.

Before TURNAGE, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The ultimate issue presented here is whether an owner whose real property is landlocked may petition under § 228.340, RSMo 1978,[1] for a private road over the land of a neighbor to connect to a street when all the lands and roads involved lie within the limits of a charter city. The trial court ruled such a petition pursuant to § 228.340, set out as follows, would not be sufficient as a matter of law when the property and the public street to which the private road is to be connected are located in Kansas City.

## PRIVATE ROADS

228.340  Establishment of private road-petition-commission appointed

If any person of this state shall file a verified petition in the circuit court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county, or in an adjoining county in this state, and that no public road passes through or alongside said tract or lot of land, and asking for the establishment of a private road from his or her premises, to connect at some convenient point with some public road of the county, or with any road for the state highway system within the county, in which the proceedings are had, and shall describe the place where said road is desired, and the width desired, not exceeding forty feet and alleging that the private road sought to be established is a way of strict necessity; and if the court shall find that the allegations in said petition are true, it shall appoint three disinterested citizens who are resident householders of the county as commissioners to view the premises and to mark out the road, and to assess the damages to the owner or owners of the land through which it will pass. Any number of persons similarly situated may join in such petition; provided, however, that the proceedings shall always be had in the county in which the premises are situated over which said proposed road is to pass.

Summarized, the remaining portions of Chapter 228, §§ 228.350–.480 deal with the widening of private roads, service of process on the landowner through which the road is to pass, the appointment duties and report of the commissioners as to place-

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

ment of the road, and the amount of damages assessed against the person seeking the road. The statute then spells out a procedure for a trial on damages if the commissioner's report is excepted to. Section 228.430 states such a private road shall be available for use by all persons and "the county court" may adopt such privately established road as a county road.

Mo. Const.Art. I, § 28 provides as follows:

That private property shall not be taken for private use with or without compensation, unless by consent of the owner, except for private ways of necessity, and except for drains and ditches across the lands of others for agricultural and sanitary purposes, in the manner prescribed by law; and that when an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be judicially determined without regard to any legislative declaration that the use is public.

The facts in this case are not in dispute. The plaintiff King purchased a 3.6 acre tract in 1981 in Kansas City, Missouri. There are no improvements on the property. To the north of the property is Interstate 70 to which there is no access from the property in question. To the east is Interstate 435 to which there is also no access. Although I–70 and I–435 pass alongside the tract, they are limited access highways, and there is absolutely no access to them from King's tract. To the south are two parcels under different ownership with access to Stadium Drive. To the west is the parcel owned by defendant Cooper. Since 1958, Cooper has maintained on this parcel a large trucking operation which transports automobiles manufactured nearby throughout the country. The Cooper property has access to Manchester Road which has access to I–70. King petitioned under § 228.340, seeking the establishment of a private road across Cooper's property, a portion of which is leased to the defendant National Advertising. The private road would provide access from King's property

to Manchester. All of the above are in Kansas City, Jackson County.

There is no ingress or egress to the property in question. The only access to the property from the north was apparently lost in the 1960's when the access road was condemned for the construction of I–70. King's predecessor in title received $9,000 when the north access road was taken in 1960 and an additional $6,000 in 1968. When King purchased this tract in 1981, he also attempted to buy the property to the south, which would have provided access to Stadium Drive, but those negotiations fell through.

■ King's appeal is reviewable as a court-tried case. *See Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

■ At the outset, Missouri law appears to afford two remedies to owners of real estate with no means of ingress or egress: (1) by the statutory method under § 228.340 or (2) by the common law easement by necessity. A showing of strict necessity under § 228.340 is not to be confused with the common law easement by strict necessity allowed only upon proof of prior unity of title and subsequent deprivation of access to a public road. *Orvis v. Garms,* 638 S.W.2d 773, 778 (Mo.App.1982); *Lewis v. Hilkerbaumer,* 599 S.W.2d 7, 8 n. 1 (Mo.App.1980).

■ Under the statute the elements must include a) the plaintiff owns the land, b) no public road goes through or alongside the tract of land, and c) the private road petitioned for is a way of "strict necessity," *i.e.,* the party seeking establishment of the private road has no legally enforceable right to use of an alternate way. *Crouse v. Burkemper,* 593 S.W.2d 234, 235 (Mo.App.1979); *Sutter v. Sims,* 563 S.W.2d 533, 534 (Mo.App.1978); *Hill v. Kennoy, Inc.,* 522 S.W.2d 775, 777 (Mo. banc 1975). This statutory method provides for a private form of condemnation. The right conferred by statute is not personal but pertains to the land in question, and the owner of the land is the instrument by which the proceeding is instituted. *Wiese v. Thien,*

279 Mo. 524, 532, 214 S.W. 853, 855 (1919). The statute should be strictly construed. *Hollars v. Church of God of the Apostolic Faith,* 596 S.W.2d 73, 74 (Mo.App.1980). Proceedings to acquire a private way over the lands of another are *in invitum,* against the common law, and against the common rights and must be strictly construed. *Welch v. Shipman,* 357 Mo. 838, 843, 210 S.W.2d 1008, 1011 (1948). The trial court's ruling adds another element to the statute—the petitioning landowner's property, the parcel over which the private road is to be established, and the public road to which the private road is to be connected cannot be within the city limits.

If the statute is so construed as to apply only to land in an unincorporated area of the county, the only form of relief available to King would be a common law easement by necessity across his neighbor's land. A prerequisite for common law relief is a showing the plaintiff and defendant have a common source of title to their properties. The plaintiff then would have to show a subsequent deprivation of access to a public road. *McDougall v. Castelli,* 501 S.W.2d 855, 858–59 (Mo.App.1973); *Causey v. Williams,* 398 S.W.2d 190, 197–98 (Mo.App.1965). In essence, the common law remedy contemplates the severance of an estate, which leaves the owner of one of the severed parcels without means of ingress or egress. The law implies an easement in favor of the landlocked parcel.

This case was not tried on a theory of common law easement. A review of the record indicates King could not make a case on a common law theory since common ownership never existed either between the Cooper and King parcels or between the King parcel and those to the south.

The statutory scheme is quite old and is certainly susceptible to an interpretation that could support either party's theory. Legislation classifying the statutory scheme would certainly be in order. This court, however, is unwilling to construe the statute as affording relief only to those in unincorporated areas. Otherwise, land-locked city property would be rendered useless if the common law elements were absent. The statutory scheme is particularly different from the common law method in that it does not mandate establishment of the road over the land of a neighbor who has a unity of title with the petitioner.

In *Seitz Packing & Mfg. Co. v. Quaker Oats Co.,* 343 Mo. 1059, 124 S.W.2d 1177 (Mo.1938), the plaintiff sought the statutory remedy for a private road. The land was located "in the city of St. Joseph, Missouri." *Id.,* at 1062, 124 S.W.2d at 1178. The court considered the case on the merits and decided adversely to the plaintiff. It found there was no need of strict necessity because the plaintiff had constructed buildings on its property so as to leave its only access to a public road over the defendant's land. The court stated the statute authorized establishment of such roadways only for the purpose of providing ingress and egress to land not bordering upon a public road. *Id.* at 1063, 124 S.W.2d at 1179. The *Seitz* opinion did note a factual exception where a plaintiff's land lay adjacent to a public road. However, the public road was on a high bluff at a point making it inaccessible to the plaintiff. That situation occurred in *Wiese, supra.* In *Wiese,* the court allowed establishment of a private road over the land of a neighbor, saying the cost of access would have been prohibitive and inadequate so as to make the estate uninhabitable for its appropriate occupation and use. 279 Mo. at 534, 214 S.W.2d at 856.

On the basis of *Seitz,* which does not preclude a consideration on the merits of a statutory action for the establishment of a private road within a city, and *Wiese,* which recognizes an exception to the statute when a public road such as I–70 abuts the property but is still inaccessible, the plaintiff here should be allowed to proceed with the suit. The plaintiff's land is now unreachable and unusable. Our law should not deny plaintiff a chance to gain access to his property. Easements of necessity represent an expression of public policy that land should not be landlocked

and rendered useless. *Hellberg v. Coffin Sheep Co.*, 66 Wash.2d 664, 404 P.2d 770, 773 (1965). Our statute should not grant or deny relief based on whether the land is located in the city or county. The trial court's ruling that the statutory method did not apply to city property was a misinterpretation of the law.

This court reverses the judgment dismissing King's petition as well as that portion of the judgment finding the "potential benefit" to the plaintiff was "not as great as the burden" on Cooper. In all other respects the judgment is affirmed. The effect of reversal and remand is to reinstate King's petition. If the court finds the allegations of the petition true, pursuant to § 228.340, it shall appoint three commissioners to view, mark out the road, and assess the damages due Cooper. *See Merrick v. Lensing*, 622 S.W.2d 260 (Mo.App. 1981).