William M. WOLFE and, Catherine E. Wolfe, Plaintiffs–Appellants,

v.

Jerry SWOPES and, Henry Peek, Jr., Defendants–Respondents.

No. 21566.

Missouri Court of Appeals, Southern District, Division One.

Nov. 26, 1997.

John R. Hopkins, Jr., Poplar Bluff, for Plaintiffs– Appellant.

Christina L. Kime, L. Dwayne Hackworth, Piedmont, for Defendants–Respondents.

GARRISON, Presiding Judge.

William and Catherine Wolfe ("Plaintiffs") filed suit pursuant to § 228.342[1] to establish a private road by necessity through the property of Jerry Swopes and Henry Peek, Jr. ("Defendants"). The trial court entered judgment in favor of Defendants. Plaintiffs appeal. We affirm.

Plaintiffs own an unimproved tract of land in rural Carter County. Defendants' properties lie directly south of Plaintiffs' land, between it and U.S. Highway 60. The western boundary of Defendant Swopes' property abuts the eastern boundary of Defendant Peek's land, and both tracts are adjacent to the north side of Highway 60. Plaintiffs alleged in their petition that they had no access to a public road from their property, that it was necessary to establish a private road across Defendants' properties "as a way of strict necessity," and proposed that the road run from their land along the common boundary of Defendants' properties to Highway 60.

Plaintiff William Wolfe testified that he had walked the perimeter of his property and found that it had, in his opinion, no access to a public road. He stated that he had no access through the property directly east of his parcel, apparently because he had earlier been denied permission to use a road on that side of his property, and he had seen "No Trespassing" signs in the area. Land belonging to the United States Forest Service adjoins the southeast corner of Plaintiffs' tract, and abuts the east side of Defendant Swopes' land and the north side of Highway 60. Mr. Wolfe testified that he could not reach his land via the forest service land because fences blocked his way, but acknowledged that the Forest Service had not actually refused him permission to cross its land. He testified further that the land west of his property was privately owned, and that he had no access to a public road in that di-

rection, but admitted that he knew of a road to his property from the west, although he "didn't look at that very well" to determine if it would afford him access. In fact, he said that the road from the west would be a "long route" and that access from the east would be "kind of indirect."

Defendants presented evidence of at least two alternate ways to reach Plaintiffs' property from Highway 60. Defendant Swopes testified that a road (the "lane") runs parallel to Highway 60 between Plaintiffs' land and Defendants' properties; that part of the lane is fenced on both sides, and that it is accessible on the east and west from other roads which intersect Highway 60. He stated that he reached Plaintiffs' property by car from Highway 60 via the eastern end of the lane a few days before the trial, and that he encountered no obstructions or "No Trespassing" signs along the way. Mr. Swopes also testified that he drove onto Plaintiffs' land from the west end of the lane, which intersects a dirt road that runs north from Highway 60. Defendants introduced photographs of both of these routes into evidence demonstrating well defined, unobstructed roads to Plaintiffs' property making it accessible from Highway 60.

Defendant Peek testified that he had been familiar with the lane and roads, and had used them himself, since 1953, and that he knew of no one who had been denied access to them. He also said that there had never been "No Trespassing" signs on those roads or obstructions which would prevent travel on them.

The trial court, without explanation, entered judgment in favor of Defendants. On appeal, this court will affirm the judgment of the trial court unless it is not supported by substantial evidence, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

The statute under which Plaintiffs seek relief provides, in pertinent part:

1. Statutory references are to RSMo 1994 unless     otherwise indicated.

A private road may be established ... in favor of any owner or owners of real property for which there is no access ... from such property to a public road if the private road sought to be established ... is a way of strict necessity ...

Section 228.342. Historically, "strict necessity" has been a required element of a statutory cause of action to establish such a road. *See* § 228.340 RSMo 1986 (repealed 1991), and § 228.342 RSMo Supp.1992, enacted to replace it. Consequently, cases decided under earlier versions of these statutes provide authority concerning that requirement.

■ Convenience does not satisfy the requirement of "strict necessity." *Hill v. Kennoy, Inc.,* 522 S.W.2d 775, 777 (Mo.banc 1975); *Evans v. Mansfield,* 364 S.W.2d 548, 551 (Mo.1963). Rather, "strict necessity" means the lack of a legally enforceable right to use a practicable way to and from a person's land, either private or public. *See Hill,* 522 S.W.2d at 777; *Evans,* 364 S.W.2d at 551; *Farrow v. Brown,* 873 S.W.2d 918, 920 (Mo.App. E.D.1994); *King v. Jack Cooper Transport Co., Inc.,* 708 S.W.2d 194, 196 (Mo.App. W.D.1986); *Sutter v. Sims,* 563 S.W.2d 533, 535 (Mo.App. S.D.1978).

■ The requirement of a "strict necessity" is a "jurisdictional fact, and must be alleged and proved, affirmatively." *Evans,* 364 S.W.2d at 551. Therefore, the requirement of "strict necessity" is an element of the cause of action, *King,* 708 S.W.2d at 196, and must be proved. *Szombathy v. Ferguson–Florissant Reorg. Sch.,* 675 S.W.2d 24, 27 (Mo.App.E.D.1984).

■ In the instant case, there was evidence that at least two routes to Plaintiffs' property exist, both of which are passable by vehicle and have been used for at least forty-four years. While we are unable to determine from this record whether Plaintiffs had a legally enforceable right to use these routes, § 228.342 requires that Plaintiffs prove the lack of such a right. This is consistent with the historical approach that proceedings to acquire a private way over the lands of another are against the common law and the common rights, and must, therefore, be strictly construed. *King,* 708 S.W.2d at 197.

Plaintiffs failed to prove the "strict necessity" element of their cause of action. The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.