**MOSS SPRINGS CEMETERY ASSOCIATION, Petitioner–Appellant,**

**v.**

**Jack S. JOHANNES and Mary Carolyn Johannes, Respondents–Respondents.**

**No. 21935.**

Missouri Court of Appeals, Southern District, Division One.

May 21, 1998.

---

Albert D. Johnston, Carthage, for Appellant.

James R. Spradling, of Spradling & Wyman, L.L.C., Carthage, for Respondent.

PREWITT, Judge.

Appellant filed a two-count petition seeking quiet title of certain real property in Jasper County and to establish a private road by necessity through Respondents' property under Section 228.342, RSMo 1994. On Count I, the trial court quieted title in Appellant by summary judgment. On Count II, following non-jury trial, the court denied Appellant's request for a private roadway across Respondents' property. Appellant appeals the denial of the roadway.

Review is under Rule 73.01. As interpreted, that rule requires that we sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *In re Marriage of Torix,* 863 S.W.2d 935, 937 (Mo.App.1993).

Appellant is a not-for-profit corporation which owns and maintains a cemetery in Jasper County. The cemetery covers approximately two and one-half acres and contains approximately one hundred fifty graves. It is surrounded by land owned by Respondents. The Missouri State Highway Department (Highway Department) has a "permanent easement" granted by Johannes on property next to the cemetery. Highway Department also owns land in fee simple which borders Respondents' land and a state highway. For clarity, we set out a diagram of the cemetery and the property surrounding it.

For a number of years, Appellant has accessed the cemetery by use of a roadway through Respondents' property. The roadway is not improved, and is impassable in wet weather. The roadway starts at a state highway where it enters the property of Respondents, and then travels along Respondents' south fence line and then turns north along the fence line to the cemetery. A gate crosses the roadway at the point of the entrance off the state highway.

The trial court denied the request for a private road over Respondents' property because the request was not properly made "so as to do as little damage or injury and cause as little inconvenience as practicable to the owners of the real estate over which the private road shall pass," as there is property available adjacent to the requested route where a roadway can be established over property owned by the Highway Depart-

ment.[1]

Before a private roadway may be granted, there must be no other access, and the way sought must be one of strict necessity. Section 228.342, RSMo 1994. The roadway "shall be situated so as to do as little damage or injury and cause as little inconvenience as practicable to the owner or owners of the real property over which the private road shall pass." Section 228.345, RSMo 1994.

"In an action for a private road pursuant to Sec. 228.342, a plaintiff is required to show: (a) the plaintiff owns the land, (b) no public road goes through or alongside the tract of land, and (c) the private road petitioned for is a way of 'strict necessity.'" *Farrow v. Brown,* 873 S.W.2d 918, 920 (Mo. App.1994). Each element will be analyzed below.

First, Appellant established ownership of the land through quiet title. The judgment entered by the trial court awarded fee simple title to Moss Springs Cemetery Association for the cemetery property. That determination is not in dispute.

Second, Appellant established by testimony that no public road goes through or alongside the tract of land. Several witnesses testified that there was no public highway running through or alongside the cemetery, and that to access the cemetery it is necessary to exit off the state highway and onto the land of Respondents. A witness who mowed the grass at the cemetery testified that to get to the cemetery, "[y]ou come off the old [highway] just west of Jones Creek. Come off of that, you go through a hay field, and through this hay field probably three-eights of a mile, and the cemetery lays beside Center Creek in the, pretty much in the northwest corner of that hay field." Respondents presented no contradictory evidence. This testimony and the map presented into evidence is sufficient to establish that no public road runs through or alongside the cemetery property.

Third, and the crucial issue in this appeal, Appellant established that the road was one of strict necessity because Appellant does not have a legally enforceable right to use an alternative reasonably practical way. "'Strict necessity' has been interpreted to mean the absence of a reasonably practical way to and from a plaintiff's land that the plaintiff has a legally enforceable right to use." *Farrow,* 873 S.W.2d at 920. "Convenience does not satisfy the requirement of 'strict necessity.' [citations omitted] Rather, 'strict necessity' means the lack of a legally enforceable right to use a practicable way to and from a person's land, either private or public." *Wolfe v. Swopes,* 955 S.W.2d 600, 602 (Mo.App.1997).

Appellant does not have a legally enforceable right to use the land owned by Respondents. Nor does Appellant have a legally-enforceable right to use the land owned outright or held by an easement by the Highway Department. At best, Appellant has the right to seek access from the Highway Department and again from Respondents. The right to ask is not equivalent to the right to enforce.

"If the party seeking a private road has no legally enforceable right to use an alternative route, he is entitled to a way of necessity." *Crouse v. Burkemper,* 593 S.W.2d 234, 235 (Mo.App.1979). As Appellant has no legally enforceable right to use an alternative route, it is entitled to a way of necessity.

As stated above, the judgment suggests that Appellant can seek an easement from the Highway Department on property adjacent to the requested roadway. "While plaintiffs may have a choice between surrounding landowners against whom they might have proceeded for the establishment of a private road, neither [the statute] nor the case law indicates that one landowner can defeat a plaintiff's right to a way of necessity simply by pointing to another against whom plaintiff might have sought relief." *Hill v. Kennoy, Inc.,* 522 S.W.2d 775, 778 (Mo. banc

1. A problem with using the alternative route which would cross the Highway Department's land is that the driveway would be 16 feet from the end of a bridge. The proposed road located entirely on Respondents' property would be 20 feet from the bridge. A Highway Department employee testified it "typically" prefers to have a minimum of 20 feet distance from a driveway to a bridge.

1975) *See also Moran v. Flach* 752 S.W.2d 956, 959 (Mo.App.1988) (statute "does not direct that alternate ways of necessity across other adjoining land owner's property be considered."), and *Lewis v. Hilkerbaumer,* 599 S.W.2d 7, 9 (Mo.App.1980) ("it is for the plaintiffs to determine against whom they will proceed in seeking a roadway. The defendants may not defeat the plaintiffs' claim by showing that other landowners exists against whom the plaintiffs may have asserted a claim."). Respondents Johannes cannot require Appellant to seek its access from the State.[2]

The statute requires that the roadway over defendant landowner's property shall be established in a way to cause as little damage as possible to defendant's property. The proposed roadway satisfies this requirement as the roadway is straight and does not meander across the hay field, and runs alongside the border of Respondents' property rather than through the middle of the field.

The Missouri Supreme Court noted in *Hill* that the defendant "offered no evidence of hardship or injury should the private road over his property be granted," and that this is a "consideration which may be taken into account." 522 S.W.2d at 779. The Respondents here also offered no evidence of hardship or injury. Respondent Jack Johannes testified that he does not pasture cattle in this field, he is not down in that field very often, and that the "No Trespassing" sign he placed on the property is only to keep hunters off his property.

Cases cited by Respondents which support a trial court ordering a "reasonable alternative route" for a cost which is not prohibitive can be distinguished from the present case because in those cases, the defendant was the landowner of the property over which the alternative route was established. *See Szombathy v. Ferguson–Florissant Reorg. School District,* 675 S.W.2d 24 (Mo.App.1984). *See also Welch v. Shipman,* 357 Mo. 838, 210 S.W.2d 1008 (1948). As discussed earlier, the defendant in a case under this statute cannot force a plaintiff to seek a roadway from another landowner regardless of the expense. Therefore, these cases do not support Respondents' position in this appeal.

The portion of the Judgment pertaining to Count II is reversed and the matter remanded to the trial court for its determination of the location of the roadway. The trial court should then enter an interlocutory order for the establishment of said private road at that location. Appellant will then be liable to pay for the establishment and maintenance of the requested roadway, and shall compensate Respondents for the fair market value of the roadway land and any ditches to the side of the roadway, as required by Section 228.352.

GARRISON, P.J., and CROW, J., concur.

2. *Hill* refers to the previous statute, Section 228.340. Section 228.342 (Supp.1992), was enacted to replace Sec. 228.340. *See Wolfe v. Swopes,* 955 S.W.2d 600, 602 (Mo.App. S.D. 1997).