

# Missouri Court of Appeals

## Southern District

### Division One

WESTRICH FARMS, L.L.C.,     )
    )
          Appellant,     )
    )
    vs.     )     No. SD33826
    )
EAST PRAIRIE FARM, L.L.C.,     )     FILED: December 2, 2015
    )
          Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable Joshua D. Underwood, Judge

## AFFIRMED

This appeal follows Plaintiff's failed § 228.342 action for a private road across its neighbor's farm.[1] We affirm. Plaintiff's claim does not fit the cited statute, which runs "against the common law and the common rights, and must, therefore, be strictly construed." ***Wolfe v. Swopes***, 955 S.W.2d 600, 602 (Mo.App. 1997).

### Applicable Law

A private road may be established or widened in favor of any
owner or owners of real property for which there is no access, or

---

[1] We refer to Appellant as "Plaintiff" and Respondent as "Defendant." Plaintiff has not appealed the denial of any other relief it sought. Unless otherwise indicated, statutory citations are to RSMo 2000.

insufficiently wide access, from such property to a public road if the private road sought to be established or widened is a way of strict necessity.

§ 228.342.[2] "If the court determines ... there is access to a public road or that the way sought is not a way of strict necessity, then the petition shall be dismissed." § 228.352. "Missouri courts have consistently interpreted section 228.342 to require a plaintiff to show ... there exist no public roads through or alongside the land and that the private road petitioned for is mandated by strict necessity." **Short**, 372 S.W.3d at 530 (citations and quotation marks omitted).[3]

## Salient Facts

Plaintiff leased its 320-acre farm to a large-scale operator whose equipment weight exceeded a bridge load limit on County Road 702 leading to Plaintiff's farm. Citing § 228.342, Plaintiff petitioned for a mile-long private road across Defendant's neighboring farm. The court denied relief after an evidentiary hearing because, as the judgment states, "there is in fact public access to Plaintiff's land via County Road 702."

## Analysis

The simple dispositive fact is that Plaintiff's farm is not property, in § 228.342's terms, "for which there is no access" to a public road. Indeed, Plaintiff

---

[2] **Short v. Southern Union Co.**, 372 S.W.3d 520, 533-35 (Mo.App. 2012), details the legislative history of this statute and two predecessors that had addressed width and public access deficiencies separately. We need not dwell on width claims because Plaintiff did not plead this as a basis for relief.

[3] The judgment's recitation that these must be proved by clear and convincing evidence, while error (**Blue Pool Farms, LLC v. Basler**, 239 S.W.3d 687, 690 (Mo.App. 2007)), was harmless in that Plaintiff did not establish the "no public access" element under *any* standard of proof. *See infra.*

admits public road access in its appellate brief; *e.g.*, "County Road 702 runs adjacent to Westrich Farms' property …" and "the property is adjacent to County Road 702."

Plaintiff urges that its farm is "functionally landlocked" and County Road 702 is "inadequate for farming purposes" because the lessee's equipment weighs more than one bridge's load limit. Yet Plaintiff's few cited cases are distinguishable and do not support our stretching § 228.342 to fit this claim, nor does our research turn up a supporting case. We find instead the above-cited admonition that § 228.342 proceedings "are against the common law and the common rights, and must, therefore, be strictly construed." **Wolfe**, 955 S.W.2d at 602; *see also* **Anderson v. Mantel**, 49 S.W.3d 760, 765 (Mo.App. 2001) (quoting **Wolfe**). Accordingly, we affirm the trial court's judgment.[4]

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[4] Plaintiff cites **Evans v. Mansfield**, 364 S.W.2d 548 (Mo. 1963), and **Baetje v. Eisenbeis**, 296 S.W.3d 463 (Mo.App. 2009), in each of which there was no public road access (unlike this case) and the § 228.342 issue was strict necessity (also unlike this case). *See* **Evans**, 364 S.W.2d at 549; **Baetje**, 296 S.W.3d at 469. Strict necessity is an element separate and distinct from lack of public road access per **Short**, other cases, and the express terms of both § 228.342 and § 228.352 (twice). So since "there is access to a public road" in this case, the trial court properly rejected Plaintiff's petition, strict necessity *vel non*. § 228.352.

3