

# Missouri Court of Appeals
## Southern District

### In Division

JARED FORD and MARY WILLIAMS, )
                                                )

    Respondents, )     No. SD37271

                                                 )

v. )     **Filed: January 19, 2023**

                                                 )

ROBERT D. GIOVANELLI II, and )
KERITH A. GIOVANELLI, )
                                                 )

    Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Beger, Judge

**AFFIRMED**

Jared Ford ("Ford") and Mary Williams ("Williams"), a married couple, own real estate ("the Ford-Williams property") in Texas County, Missouri. The Ford-Williams property is surrounded by land owned by the United States Forest Service ("Forest Service") and appellants Robert D. Giovanelli II ("Robert ") and Kerith A. Giovanelli (collectively, "the Giovanellis").[1] In 2019, Ford and Williams filed a petition against the Giovanellis, seeking to establish a private road by strict necessity over the Giovanellis'

---

[1] Because appellants share the same last name, we refer to Robert D. Giovanelli II by his first name to avoid confusion. No disrespect is intended.

property, in order to access the Ford-Williams property.[2]  Following a bench trial, the trial court determined Ford and Williams had a strict necessity for the establishment of a private road over the Giovanellis' property because "[t]he [Ford-Williams] Property does not adjoin a public roadway; and no public road goes through or alongside it.  Any use of a U.S. Forest Road requires a permit authorizing use and issued by the Forest Service[.]"  In two points, the Giovanellis argue this finding lacked substantial evidence (point 1) and was against the weight of the evidence (point 2) because no evidence was presented that the so called "Green Road" was not a public road or required a permit to use it.[3]  Finding no merit in either point, we affirm.

### Facts and Procedural Background

In March 2019, Ford and Williams purchased certain real property in Texas County, Missouri, which is surrounded by land owned by the Forest Service and land owned by the Giovanellis.  These properties are shown below in a survey prepared by professional land surveyor and engineer, Donald B. Mayhew ("Mayhew").  In this survey, the Ford-Williams property boundary is yellow, the Giovanelli property boundary is brown, and the Forest Service property boundary is pink.  The Giovanelli property involved in this dispute runs adjacent to AH Highway.  AH Highway, shown in red, connects to the "Blue Road."  The Blue Road is a dirt road that bisects the Forest

---

[2] Their petition also sought injunctive relief, enjoining the Giovanellis from restricting access to the private road.

[3] Both of the Giovanellis' points challenge the trial court's finding that the Green Road was not a public road and would require a permit to use.  However, the trial court made no explicit finding that the Green Road was a public road or that it required a permit.  Rather, it found the Ford-Williams property did not adjoin a public roadway and that "[a]ny use of a U.S. Forest Road" would require a permit.  Additionally, the trial court found, "The ONLY permit issued to [Ford and Williams] is over the Blue Road using the currently existing road."

2

Service's property, connecting the Ford-Williams property to AH Highway.[4]  South of

the Ford-Williams property is a trail designated as the "Green Road."  The Green Road

is a proposed road running along all of Forest Road 1539, a short rugged "fire trail."

Forest Road 1539 begins at AH Highway and runs through a wooded area ending in a

field owned by the Forest Service to the south of the Ford-Williams property.



Electronically Filed - SOUTHERN DISTRICT CT OF APPEAL - July 01, 2022 - 03:50 PM

---

[4] Ford and Williams, at the time of trial, had a permit issued by the Forest Service to use the portion of the Blue Road that cuts across Forest Service property.  According to Ford, the Forest Service's permit allowing him to use the Blue Road was contingent upon him having legal access by way of an easement over the Giovanelli property.

*The Blue Road*

For years, the Forest Service, the Giovanellis, and prior owners of the Ford-Williams property believed the entirety of the Blue Road was completely within the boundaries of Forest Service land. For that reason, the Forest Service granted both prior owners of the Ford-Williams property and the Giovanelli property a special use permit to use the Blue Road to access their land from AH Highway. In late 2016 or early 2017, after having some land surveying done, Robert discovered a small portion of the Blue Road, amounting to roughly 300 square feet, actually ran over his property. Robert brought this to the attention of the Forest Service, and in May 2018, the Forest Service released 300 feet of the Blue Road ("the driveway") to the Giovanellis. The Giovanellis then became the owners of the 300 foot portion of the Blue Road.

In May 2019, Ford approached Robert requesting a proposed easement over the driveway portion of the Blue Road. This made Robert "very angry" and he refused to grant the easement. A few months later, Ford and Williams filed a petition against the Giovanellis seeking a private road by necessity over the driveway portion of the Blue Road. The Giovanellis filed an answer and alleged, as an affirmative defense, there was no strict necessity because Ford and Williams had access from a state highway along a numbered public road owned by the United States, Forest Road 1539.

*The Green Road*

At trial, Ford testified that he did not have access to a public road from his property. Mayhew testified he was hired by Ford and Williams to determine the location of the easement over the Giovanelli property and to consider other possible entrances, including the proposed Green Road, which included Forest Road 1539. Forest Road 1539 is .9 miles in length, beginning at AH Highway and terminating within

4

Forest Service property. However, for the proposed Green Road to reach the Ford-Williams property, Forest Road 1539 would have to measure over one mile in length and would run across Forest Service property from AH Highway to the southern border of the Ford-Williams property.

Mayhew walked Forest Road 1539 to prepare his survey. According to Mayhew, this "road" was not a road in the classical sense of the term:

> [i]t's what we colloquially refer to as a fire trail. Perhaps it was meant for access at some point in the past, but I was reluctant to even drive a four-wheel drive vehicle down the road because of its condition. The -- and when I say road, I mean trail. That literally is a trail.

To turn Forest Road 1539 into an actual road, Mayhew estimated it would cost at least $309,418, which was a "conservative" estimate. Mayhew further testified "there would also need to be a road constructed from [the Ford-Williams] south boundary line to get to the point of where they currently end with the existing road."

Louie Carmack, Jr. ("Carmack"), also a professional land surveyor, was called by the Giovanellis to testify. Carmack testified he had been on the forest road portion of the proposed Green Road several years ago and "usually walked the rest of the way in." As far as Carmack knew, the only practicable way to access the Ford-Williams property was by the Blue Road.

At trial, Robert testified he recorded a video of himself driving the proposed Green Road in his Jeep. At the beginning of the video, Robert pointed his recording device at a small sign posted to a tree that reads "1539" and announced, "1539 live, baby, bringing it to you live." Robert then drove down the trail, which cut through a deeply wooded area. At times, it was difficult to see where the trail ran and the video footage was shaky, which is consistent with what one would expect while driving on rough

5

terrain. At one point in the video, Robert exited his vehicle to remove a large branch that blocked the trail. He got back in his vehicle and drove to the end of the trail, which ended in a field where Robert got out of his vehicle, walked into the field and announced, "This is all national forest, all the way out here. That's why the map shows it ended, cause there was a fence right there."

At trial, Robert agreed the proposed Green Road would need "maintenance" to become a "respectable driveway," but disputed it would cost as much as Mayhew estimated.

The trial court entered judgment granting Ford and Williams a private road by necessity over the Giovanellis' 300 feet of driveway on the Blue Road. The Giovanellis appeal from that judgment in two points.

## Standard of Review

In a bench-tried case, the judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the reasonable inferences drawn from the evidence in the light most favorable to the judgment, disregard all evidence and inferences contrary to the judgment, and defer to the trial court's superior position to make credibility determinations. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo. App. S.D. 2010). "[T]he trial court's judgment is presumed valid, and the burden is on the [Giovanellis] to demonstrate its incorrectness." *McElvain v. Stokes*, 623 S.W.3d 769, 774 (Mo. App. W.D. 2021) (internal citation and quotation omitted).

6

**Discussion**

Both of the Giovanellis' points challenge the trial court's finding that the Green Road was not a public road and would require a permit to use. Point 1 claims this finding lacked substantial evidence and point 2 claims that the finding was against the weight of the evidence.[5] Under both types of challenges, the first step requires an appellant to identify a challenged factual proposition necessary to sustain the judgment.[6] *Houston*, 317 S.W.3d at 187. "This step is logically first in the sequence and is dispositive of the evidentiary challenge if the existence of the identified challenged factual proposition is *not* necessary to sustain the judgment." *Woodard v. Conde*, 648 S.W.3d 760, 762 (Mo. App. S.D. 2022) (quoting *Houston*, 317 S.W.3d at 187). So, the first issue for decision in this appeal is whether the existence of the challenged factual proposition (i.e., the Green Road is not a public road and requires a permit to use) is necessary to sustain the judgment. If it is not, that determination disposes of both of the Giovanellis' points.

---

[5] Additionally, point 2 challenges the proposition that the Green Road was "not drivable without improvements." The judgment contains no finding that the Green Road was "not drivable." Rather, it found there is "no reasonably practical access" from the Ford-Williams property to a pubic road.

[6] The framework for bringing a not-supported-by-substantial-evidence challenge requires the appellant to follow three steps: (1) identify a challenged factual proposition necessary to sustain the judgment; (2) identify all of the favorable evidence supporting that position; and (3) demonstrate why that supporting evidence, when considered with the reasonable inferences drawn therefrom, is so lacking in probative value that the trier of fact could not reasonably believe the proposition. *Sauvain v. Acceptance Indem. Ins. Co.*, 437 S.W.3d 296, 303 (Mo. App. W.D. 2014).

To assert an against-the-weight-of-the-evidence challenge, the appellant must: (1) identify a challenged factual proposition necessary to sustain the judgment; (2) identify all of the favorable evidence supporting that proposition; (3) identify contrary evidence, subject to the trial court's credibility determinations, explicit or implicit; and (4) prove in light of the whole record that the supporting evidence, when considered along with the reasonable inferences drawn therefrom, is so lacking in probative value that the trier of fact could not reasonably believe the proposition. *Houston*, 317 S.W.3d at 187.

Under section 228.342, an owner of a landlocked piece of property may establish a private road over the property of another if the private road sought to be established "is a way of strict necessity."[7] "'Strict necessity' has been interpreted to mean the absence of a reasonably practical way to and from a plaintiff's land that the plaintiff has a legally enforceable right to use." *Moss Springs Cemetery Ass'n v. Johannes*, 970 S.W.2d 372, 376 (Mo. App. S.D. 1998) (quoting *Farrow v. Brown*, 873 S.W.2d 918, 920 (Mo. App. E.D. 1994)). In other words, "if property has no physical access to a public road and no other legally enforceable right to use a practicable way to a public road (such as an express easement, for example), then strict necessity for a private roadway has been established." *Short v. Southern Union Co.*, 372 S.W.3d 520, 531 (Mo. App. W.D. 2012).

The trial court found the Ford-Williams property did not adjoin a public roadway and no public road goes through or alongside it.[8] The Giovanellis argue this finding is wrong because the "'Green Road' - U.S. Forest Road 1539 - *is* a public road" and requires no permit to use.[9] Like Forest Road 1539, this argument is a dead end. The Green Road is only a proposed road that traverses the same route as Forest Road 1539. It is not the same as Forest Road 1539 since it has not been constructed. And, even if Forest Road 1539 is considered a public road, which we do not decide, it provides no physical access

---

[7] All statutory references are to RSMo (2000), as supplemented, unless otherwise indicated.

[8] The Giovanellis mistakenly state the trial court found the Green Road provided access to the Ford-Williams property. The trial court made no such finding. It found that "although the [Giovanellis] suggested that [Ford and Williams] could access their property to the South on 'Green Road' across [Forest Service] property, [Ford and Williams'] expert, Don Mayhew, testified it would cost $309,418.00 to build this south access." This "finding" is a summary of the Giovanellis position and not a determination of the facts. The trial court did not find that the Green Road provided access.

[9] In their brief, the Giovanellis conflate Forest Road 1539 with the proposed Green Road depicted in Mayhew's survey. This confusion is because most of the "Green Road" on Mayhew's survey follows Forest Road 1539. But, unlike the Green Road, Forest Road 1539 does not extend to the border of the Ford-Williams property. It ends in a field owned by the Forest Service, as demonstrated by the video of Robert driving the trail.

to the Ford-Williams property because it is too short.  It ends in a field owned by the Forest Service and would require Ford and Williams to drive through a field owned by the Forest Service to reach their property.

Nor is Forest Road 1539 a reasonably practical way to and from the Ford-Williams property.  Mayhew, a professional land surveyor and engineer, testified Forest Road 1539 was a fire trail—not a road.  He was reluctant to drive a four-wheel drive vehicle down the trail due to its condition.  Likewise, the Giovanellis' own surveyor testified that he had only driven up part of the way and walked the rest.  While the trail could be brought up to normal road standards, Mayhew conservatively estimated such construction would cost over $300,000.  As the Supreme Court of Missouri explained in *Evans v. Mansfield*, 364 S.W.2d 548, 551 (Mo. banc 1963):

> The law does not contemplate that a way is reasonable and practical if it would require an expenditure of an unreasonable amount of money in order to construct and maintain it in a dependable, usable condition.  The old road was not constructed as a permanent road, is impractical, and could not be used as a dependable means of access to plaintiff's land without the expenditure of an unreasonable amount of money for construction and maintenance.  Its existence, under the circumstances, would not bar plaintiff from obtaining a way of necessity over defendant's land.

The trial court could (and evidently did) reasonably find from the evidence presented that Forest Road 1539 did not constitute a reasonably practical way to access the Ford-Williams property.  Forest Road 1539, in its current condition, is impractical, and does not provide a dependable means of access for Ford and Williams.  To convert the trail to a standard road would require an unreasonable amount of money.  The Giovanellis' challenged proposition—the Green Road is not a public road and would require a permit to use—is not necessary to sustain the judgment since, even if the trail

were public and required no permit to use, it provides neither physical access nor reasonably practical access to the Ford-Williams property.

## Conclusion

Points 1 and 2 are denied.  The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J. W. BORTHWICK, J. – CONCURS